**STATE of North Dakota, Plaintiff
and Appellant,**

v.

**Palmer MILLER, Defendant
and Appellee.**

**Crim. No. 1156.**

Supreme Court of North Dakota.

July 16, 1986.

Timothy C. Wilhelm, Asst. State's Atty., Minot, for plaintiff and appellant.

Thomas K. Schoppert, New Town, for defendant and appellee.

VANDE WALLE, Justice.

The Ward County State's Attorney appealed before trial from an order of the Ward County district court denying—as a discovery sanction—the use of certain evidence at the trial of Palmer Miller. Because Section 29–28–07, N.D.C.C., does not provide for an appeal under the circumstances of this case, we dismiss the appeal.

On July 30, 1985, Miller was arrested on the charge of accomplice to delivery of a controlled substance on or about June 6, 1985. A preliminary hearing was held on October 4 at which Jeff Stickney, a special agent with the Drug Enforcement Unit, testified that although prints had been located on the plastic bag which contained the marijuana that had been sent to the State Laboratories for testing, there were "no prints on the bag suitable for comparison." On November 26, Miller submitted a discovery request for, among other things, the inspection of any reports or statements of scientific tests in connection with the case. Miller also requested that the court require the State's Attorney to be under a continuing duty to notify defense counsel of any additional material or information encompassed by the discovery motion. At a hearing on motions, the trial court had the clerk record in the minutes that the discovery request had been "complied with." Trial was scheduled for January 21, 1986.

The day before trial, Stickney retrieved the evidence, including the plastic bag containing the marijuana, from the State Crime Laboratory. Upon receipt of the evidence, the State's Attorney asked the Minot police department to check the bags for Miller's fingerprints. The Minot police did so on the morning of the trial (at the same time voir dire was being conducted) and informed the State's Attorney during the noon recess that they had found a print which could be used as evidence. At the beginning of the afternoon session, the State's Attorney asked the court's permission to add to his witness list the names of the two Minot police officers who had conducted the test, for the purpose of submitting at trial "evidence that was just recently discovered."

Miller's counsel objected to the additional evidence and moved to "strike" that particular evidence, or, in the alternative, to be granted a continuance in order to make an independent analysis of the physical evidence. In response, the State's Attorney conceded that the evidence was in the

State's possession on or about June 7, 1985, and from that point on the State could have performed the appropriate testing. The court considered Miller's motion as a motion to suppress and held a suppression hearing in which the burden was placed upon Miller. Following the hearing the court, applying Rule 16, N.D.R.Crim.P., "suppressed" the evidence, finding a lack of due diligence on the part of the State. The court also refused to grant a continuance, stating its displeasure with the lateness of the discovery of the new evidence and the need to keep its calendar current. The State's Attorney informed the court that he intended to appeal, at which point the court dismissed the unsworn jury.[1]

The right to appeal is governed by statute and is a jurisdictional matter. See, e.g., *Union State Bank v. Miller*, 358 N.W.2d 222 (N.D.1984). Because this appeal is derived from the trial court's decision to exclude evidence as a discovery sanction pursuant to Rule 16, N.D.R. Crim.P. [instead of as a result of a motion to suppress pursuant to Rule 12(b)(3) or a motion to return seized evidence pursuant to Rule 41(e) ], we are faced for the first time with the issue of whether Section 29–28–07(5), N.D.C.C., limits appeals by the State in criminal actions to orders obtained pursuant to a motion under Rules 12 and 41, N.D.R.Crim.P.

Section 29–28–07 states in relevant part that

"An appeal may be taken by the state from:

· · · · ·

"5. An order granting the return of property or suppressing evidence, or

suppressing a confession or admission, ..."

Although it is possible to construe "suppressing" as a generic term meaning any form of exclusion of evidence (see Section 1–02–02, N.D.C.C.), the use of the term in context of the Rules of Criminal Procedure leads us to the conclusion that the words "[a]n order ... suppressing evidence" relate to a decision by a lower court granting a motion to suppress evidence pursuant to Rule 12, N.D.R.Crim.P. Such a plain reading of Section 29–28–07(5) is consistent with the legislative history of that provision, wherein all the testimony received by the committees of the Legislature considering the bill related to the exclusion, by virtue of constitutional law, of evidence following a motion to suppress.[2]

This reading is also consistent with the proponents' testimony that the addition of subsection 5 would not increase this court's caseload and would not offend the constitutional prohibition against double jeopardy or any other rights of the accused. Were we to construe Section 29–28–07(5) as allowing the State to appeal any exclusion of evidence, appeals could arguably be taken from every evidentiary decision made by the trial court that results in the disallowance of evidence for any reason, including rulings made during trial. Such a construction would clearly increase the number of appeals to this court; if the appeal were taken after trial had commenced, it would also bring into play the double-jeopardy or fair-trial concerns, depending on whether the trial court released the jury or allowed an adjournment pending resolution of the appeal. See *State v. Bonner*, 361

---

**1.** Although a filing of an appeal normally destroys jurisdiction in the lower court, the Federal view is that the lower court may nonetheless ignore the notice of appeal if the Government is attempting to appeal a nonappealable order. See, e.g., *United States v. Bastanipour*, 697 F.2d 170 (7th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 358 (1983); *United States v. Stipe*, 653 F.2d 446 (10th Cir.1981). In addition, under Federal law, a lower court retains jurisdiction following the filing of the notice of appeal for the purpose of reconsidering its decision appealed under 18 U.S.C. § 3731 to

suppress evidence. See, e.g., *United States v. Jones*, 608 F.2d 386 (9th Cir.1979); *United States v. Scott*, 524 F.2d 465 (5th Cir.1975). Section 3731 has been interpreted as *not* allowing the Government to appeal if "the appeal would interrupt an ongoing trial." See *United States v. Harshaw*, 705 F.2d 317 (8th Cir.1983).

**2.** H.Jud.Comm.Minutes (Jan. 26, 1977); S.Jud. Comm.Minutes (Feb. 28, Mar. 8, Mar. 15, 1977). See also S.Jud.Comm.Minutes (Jan. 29, 1985); H.Jud.Comm.Minutes (Mar. 6, 1985).

N.W.2d 605 (N.D.1985). The legislative history of Section 29–28–07(5) demonstrates that the Legislature considered these matters, and that it was informed at committee hearings that the addition of subsection 5 would not offend the double-jeopardy provisions of the United States and North Dakota Constitutions. But, unlike the Federal and Minnesota statutes [upon which Section 29–28–07(5) was based, see *infra* ] that limited government appeals to orders rendered before the defendant is placed in jeopardy, our statute does not include any reference to double-jeopardy concerns. We may assume in light of the Legislature's concern with these matters that the Legislature considered it unnecessary to limit appeals taken under Section 29–28–07(5) to pretrial orders or to orders issued before the defendant is placed in jeopardy because our Rules of Criminal Procedure require defendants to move to suppress evidence before trial and that judges rule on such motions prior to trial.

Our conclusion that appeals under Section 29–28–07(5) are limited to orders suppressing evidence pursuant to Rule 12 is also supported by an examination of the text and interpretation of the statutes upon which subsection 5 is based. As we stated in *State v. Dilger*, 322 N.W.2d 461, 464 (N.D.1982), "Where a statute is taken from another state and adopted without change it is presumed that the legislature adopted the construction previously placed upon it by the courts of the state from which the statute was taken." Subsection 5 is based upon the corresponding Federal and Minnesota statutes. *State v. Dilger*, supra.[3] The original Minnesota statute contained language identical to that of our statute, providing, in relation to the issue at hand, that the State may appeal from "an order granting the return of property or *suppressing evidence*, or suppressing a confes-

sion or admission, . . ." [Emphasis added.] Minn.Stat. § 632.11 subd. 1(3) (1967).[4] See *State v. King*, 279 Minn. 225, 156 N.W.2d 742 (1968). However, Minnesota expanded the government's right to appeal in 1975 (two years before adoption of our law) to include "any pretrial order," with certain exceptions not relevant here. Minn.R. Crim.P. 29.03.[5]

At the time of adoption of Section 29–28–07(5), Section 3731 of Title 18 of the United States Code provided, in relevant part:

"An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [*sic* ] *suppressing or excluding evidence* or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, . . ." [Emphasis added.]

Between the years of 1968 and 1971, the Federal statute referred only to pretrial orders granting a motion to *suppress* evidence. See Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, § 1301(a), 82 Stat. 197, 237. In 1971 [six years prior to the adoption of Section 29–28–07(5) ], Congress added the "or excluding" language to Section 3731. Omnibus Crime Control Act of 1970, Pub.L. No. 91–644, § 14(a)(1), 84 Stat. 1880, 1890 (1971).

Nonetheless, our Legislature retained the more narrow scope of appeal originally contained in the earlier Minnesota and Federal statutes. Such a deviation from the statutes upon which Section 29–28–07(5) is based cannot be ignored. Indeed, it must be given substantial weight in our interpretation of the statute. See, e.g., *Matter of Estate of Knudsen*, 342 N.W.2d 387 (N.D. 1984), citing *Grabow v. Bergeth*, 59 N.D.

---

**3.** See also *State v. Iverson*, 219 N.W.2d 191 (N.D. 1974), wherein Justice Vogel recommended adoption of a statute giving the State a right to appeal from an order suppressing evidence, referring to 18 U.S.C. § 3731 and Minn.Stat. § 632.11.

**4.** The Minnesota statute also provided that, "No appeal . . . of this section may be taken by the state after the defendant has been put in jeopardy." Minn.Stat. § 632.11 subd. 2(1) (1967).

**5.** Rule 29.03 was renumbered to Rule 28.04, Minn.R.Crim.P., as a result of a revision of those rules in 1983.

214, 229 N.W. 282 (1930). See also 82 C.J.S. *Statutes* § 371 (1953): "All changes in words and phrasing will be presumed deliberately made with the purpose to limit, qualify, or enlarge the adopted law [of the other jurisdiction]." The necessary inference is that the Legislature, by not incorporating the broader language of the then current Minnesota and Federal statutes, intended a narrow scope of appeal by the State, limiting appeal of the suppression of evidence to exclusions of evidence pursuant to a motion to suppress under Rule 12(b)(3), N.D.R.Crim.P., or to a motion to return seized evidence under Rule 41(e), N.D.R. Crim.P.

This view finds further support in the case law interpreting the Minnesota and Federal statutes which served as a basis for our law. In our review of each of the Minnesota Supreme Court decisions where the government appealed pursuant to Minn.Stat. § 632.11 (the earlier Minnesota law which was identical to our statute), we were unable to locate any decision involv-

ing an appeal from a lower court's exclusion of evidence, pursuant to a discovery sanction.[6] Nor have we been able to locate any Federal appeal pursuant to 18 U.S.C. § 3731 between the years 1968 and 1971 (the years in which the relevant language of Section 3731 was identical to our statute) from a discovery sanction, although we were able to find pre–1968 decisions that *disallowed* appeals from orders excluding evidence that were not entered pursuant to a Rule 12 motion to suppress[7] as well as post–1971 decisions that *allowed* appeals from orders "suppressing or excluding" evidence pursuant to a discovery sanction.[8] The lack of any appeals from non-Rule 12 orders is not surprising in light of the case law interpreting Section 3731 prior to the 1968 amendment, the language employed in the 1968 version of Section 3731, the legislative history of the 1968 amendment of Section 3731,[9] and the legislative history surrounding the 1971 amendment of Section 3731.[10] Taken together, the relevant case law and various legislative histories

---

**6.** We were able to locate an appeal under the predecessor of Section 632.11, Rule 29.03, Minn. R.Crim.P., of an order issued at an omnibus hearing excluding evidence because it was irrelevant. By reaching the merits of the appeal, the Minnesota Supreme Court implicitly ruled that the appeal of this type of order under the more broad appeal provision ("any pretrial order") was permissible. *State v. Smith,* 261 N.W.2d 349 (Minn.1977).

**7.** See, e.g., *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Carroll v. United States,* 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *United States v. Apex Distributing Company,* 270 F.2d 747 (9th Cir.1959). See also *United States v. Greely,* 413 F.2d 1103 (D.C.Cir.1969) [a denial of Government's motion to reopen suppression hearing may not be appealed]. See generally 3A C. Wright, *Federal Practice & Procedure Criminal* § 874 (1982) [The language used in the Criminal Appeals Act of 1907 had been "construed to mean the motion under Rule 12 raising a defense or objection.... The appeals statute was amended drastically in 1970 and the old language is no longer of significance."]

**8.** See, e.g., *United States v. Helstoski,* 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979); *United States v. Abraham,* 541 F.2d 624 (6th Cir.1976); *United States v. Flores,* 538 F.2d 939 (2d Cir. 1976).

**9.** "The Criminal Appeals Act confers upon the Government in certain cases carefully defined and limited rights of appeal in criminal cases." 114 Cong.Rec. 14,788 (1968). "[The bill would allow the Government to] appeal an adverse decision from an order issued by the trial court prior to trial, granting a motion for the return of seized property and the suppression of evidence." 114 Cong.Rec. 14,788 (1968).

In regard to suppression of evidence, the complete focus of the legislative history is on suppression of evidence pursuant to application of search-and-seizure law and the law dealing with confessions. See 114 Cong.Rec. 14,787–14,789 (1968).

**10.** The proponent of the change, Senator Hruska, stated in his comments supporting the bill that the 1968 version of the law (i.e., the law upon which the North Dakota statute was based) "precludes the Government arbitrarily from taking appeals in a number of common situations such as from dismissals based on refusal to comply with discovery orders believed to be erroneous." 116 Cong.Rec. 35,659 (1970). Senator Hruska's remarks were in relation to S.B. 3132, which proposed to change the language of Section 3731 to read "suppressing *or excluding* evidence." [Emphasis added.] See 116 Cong.Rec. 35,658 (1970). S.B. 3132 was added as Title III to what later became Pub.L. No. 91–644. See 116 Cong.Rec. 42,147 (1970).

concerning Section 3731 clearly demonstrate that the change in language made in 1971 was for the purpose of expanding the right to appeal beyond the confines of a motion to suppress evidence under Rule 12.

In light of a plain reading of our statute, a comparison of the statutes which served as a basis for our statute, the case law interpreting those statutes, and the subsequent amendment of those statutes prior to the adoption of our statute, we hold that appeals by the State pursuant to Section 29–28–07(5) are limited to appeals from the granting of a motion to suppress under Rule 12(b)(3), N.D.R.Crim.P., and from the granting of a motion to return evidence under Rule 41(e), N.D.R.Crim.P. Because the State attempts to appeal from an exclusion of evidence pursuant to a discovery sanction under Rule 16, N.D.R.Crim.P., the appeal is dismissed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.