**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Ernest T. COUNTS, Defendant and Appellee.**

Cr. No. 910002.

Supreme Court of North Dakota.

July 31, 1991.

Cameron D. Sillers (argued), State's Atty., Langdon, for plaintiff and appellant.

Laura J. Wetsch (argued), Langdon, for defendant and appellee.

LEVINE, Justice.

The State appeals from a district court order which denied in part its motion to compel Peggy Olson Counts to testify in a criminal proceeding against her husband, Ernest T. Counts. We dismiss the appeal.

On August 28, 1990, Ernest was charged with two counts of burglary that occurred on July 3, 1990. As part of their investigation of the burglaries, law enforcement officers interviewed Peggy in July 1990, and she implicated Ernest in the burglaries. Peggy and Ernest were married on September 21, 1990. The State attempted to depose Peggy on November 20, 1990; however, she refused to answer questions about Ernest and asserted the husband-wife privilege under Rule 504, N.D.R.Evid.[1]

The State then moved to compel Peggy to testify. After a hearing, the trial court determined:

"1. That [the] marital testimonial privilege existing in common law has been expressly rejected in North Dakota, and does not apply in this case;

"2. That Rule 504 of the North Dakota Rules of Evidence protects confidential communications between Peggy Olson Counts and her husband, Ernest Counts, that occurred either during the marriage or prior to the marriage."

The State appealed.

■■■ Ernest has moved to dismiss the State's appeal, contending that it is not authorized by Section 29–28–07, N.D.C.C. The State responds that the trial court's order has the effect of an order suppressing evidence and is therefore appealable under Section 29–28–07(5), N.D.C.C.

In a criminal action, the State's right to appeal is limited by statute. *E.g., State v.*

1. Rule 504, N.D.R.Evid., provides:
    "*(a) Definition.* A communication is confidential if it is made privately by any person to his or her spouse and is not intended for disclosure to any other person.
    "*(b) General Rule of Privilege.* An accused in a criminal proceeding has a privilege to prevent his spouse from testifying as to any confidential communication between the accused and the spouse.
    "*(c) Who May Claim the Privilege.* The privilege may be claimed by the accused or by the spouse on behalf of the accused. The authority of the spouse to do so is presumed.
    "*(d) Exceptions.* There is no privilege under this rule in a proceeding in which one spouse is charged with a crime against the person or property of (1) the other, (2) a child of either, (3) a person residing in the household of either, or (4) a third person, committed in the course of committing a crime against any of them."

*Ritter,* 472 N.W.2d 444 (N.D.1991); *State v. Miller,* 391 N.W.2d 151 (N.D.1986). Section 29–28–07(5), N.D.C.C., provides:

"An appeal may be taken by the state from:

\*   \*   \*   \*   \*   \*

"5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal."

In *State v. Miller, supra,* we addressed a similar argument. In that case, the State appealed from an order suppressing the use of certain evidence as a discovery sanction. We noted that the plain language and the legislative history of subsection (5) indicated that it was intended to relate to "the exclusion, by virtue of constitutional law, of evidence following a motion to suppress." *State v. Miller, supra,* 391 N.W.2d at 152. We said that the legislature intended subsection (5) to authorize a narrow right to appeal for the State and we declined to construe the word "suppressing" generically to mean any form of exclusion of evidence because that interpretation would allow appeals from every evidentiary ruling that resulted in the exclusion of evidence, including rulings made during trial. We construed Section 29–28–07(5), N.D.C.C., to authorize appeals by the State from decisions granting motions to suppress evidence pursuant to Rule 12(b)(3), N.D.R.Crim.P. We therefore dismissed the State's appeal, holding

"that appeals by the State pursuant to Section 29–28–07(5) are limited to appeals from the granting of a motion to suppress under Rule 12(b)(3), N.D.R.Crim.P., and from the granting of a motion to return evidence under Rule 41(e), N.D.R.Crim.P." *State v. Miller, supra,* 391 N.W.2d at 155.

Rule 12(b)(3), N.D.R.Crim.P., refers to "[m]otions to suppress evidence on the ground that it was illegally obtained." In this case, the State's motion to compel Peggy's testimony was not based on the ground that evidence was illegally obtained. The State sought a favorable construction of an evidentiary privilege. The State's motion and the court's order were not based upon the "exclusion, by virtue of constitutional law" of "illegally obtained" evidence under Rule 12(b)(3), N.D.R.Crim.P. We conclude that the State's appeal is not authorized by Section 29–28–07(5), N.D.C.C.

The appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.