STATE of North Dakota, Plaintiff
and Appellant,

v.

Norbert SIMON, Defendant and Appellee.

Cr. No. 930294.

Supreme Court of North Dakota.

Jan. 18, 1994.

Rick Lee Volk (argued), Asst. State's Atty., Bismarck, for plaintiff and appellant.

Chad Nodland (argued), of Nodland & Dickson, Bismarck, for defendant and appellee.

NEUMANN, Justice.

The State appeals from an order suppressing the results of a blood alcohol test. We dismiss the appeal.

On March 5, 1993, Norbert Simon was arrested and charged with driving while under the influence of intoxicating liquor in violation of Section 39–08–01, N.D.C.C. James Hidding of the Office of the State Toxicologist performed a chemical analysis of the concentration of alcohol in Simon's blood. The certified results of Hidding's analysis indicated that Simon's blood had an alcohol concentration of .17 percent by weight.

A jury trial was scheduled for September 2, 1993. Shortly before Simon's scheduled trial, Hidding left his job with the State Toxicologist. According to the State, Hidding testified at another trial in North Dakota on August 19, 1993, and "commented that he would be unwilling to return to North Dakota to testify in any D.U.I. trials as he is starting a new job and will be on a six-month probationary term during which time he did not want to jeopardize his employment. Mr. Hidding would not inform the State where he was to begin this new employment."

On August 18, 1993, the State notified counsel for Simon that the State "may not be subpoenaing" Hidding for Simon's trial and suggested that Simon should subpoena Hidding to ensure his presence at trial. On August 24, 1993, Simon advised the State that he had tried to locate Hidding to subpoena him for trial and had been "informed that Mr. Hidding is somewhere in Indiana, but that no forwarding address has been left at the State Toxicologist's Office." Simon indicated that if the matter could not be resolved, he would "apply to the court for expenses to locate and return Mr. Hidding" for trial. The State responded that if Simon desired to have Hidding at the trial, he could "apply to the Court for the expenses."

Simon thereafter moved to dismiss the prosecution, to suppress the results of the blood test, or, alternatively, to obtain a continuance to locate Hidding and subpoena him for trial. The court granted Simon's motion to suppress the results of the blood test, concluding Simon was deprived of the oppor-

tunity to cross-examine the expert who conducted the chemical test. The State appealed.

Simon moved to dismiss the State's appeal, contending it is not authorized by statute. The State responded that its appeal is authorized by Section 29–28–07(5), N.D.C.C., which provides:

"An appeal may be taken by the state from:

\*　　\*　　\*　　\*　　\*　　\*

"5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal."

■ The State's right to appeal in a criminal action is governed by Section 29–28–07, N.D.C.C., and is a jurisdictional matter. *E.g., State v. Counts*, 472 N.W.2d 756 (N.D. 1991); *State v. Miller*, 391 N.W.2d 151 (N.D. 1986). We must dismiss an appeal by the State if it does not meet the requirements of Section 29–28–07, N.D.C.C. *See State v. Klocke*, 419 N.W.2d 918 (N.D.1988).

In *State v. Miller, supra*, 391 N.W.2d at 152, 155, we construed Section 29–28–07(5), N.D.C.C., in the context of dismissing an appeal by the State from an order suppressing the use of certain evidence as a discovery sanction:

"Although it is possible to construe 'suppressing' as a generic term meaning any form of exclusion of evidence (see Section 1–02–02, N.D.C.C.), the use of the term in context of the Rules of Criminal Procedure leads us to the conclusion that the words '[a]n order ... suppressing evidence' relate to a decision by a lower court granting a motion to suppress evidence pursuant to Rule 12, N.D.R.Crim.P....

\*　　\*　　\*　　\*　　\*　　\*

"[W]e hold that appeals by the State pursuant to Section 29–28–07(5) are limited to appeals from the granting of a motion to suppress under Rule 12(b)(3), N.D.R.Crim. P., and from the granting of a motion to return evidence under Rule 41(e), N.D.R.Crim.P."

In *State v. Counts, supra*, we considered an appeal by the State from an order denying its motion to compel a wife to testify in a criminal proceeding against her husband. We dismissed the appeal, concluding that the State's motion to compel the wife to testify sought a favorable construction of an evidentiary privilege and was not based on the ground that the evidence was illegally obtained under Rule 12(b)(3), N.D.R.Crim.P.

■ Our decisions in *Miller* and *Counts* have explicitly interpreted Section 29–28–07(5), N.D.C.C., to authorize appeals by the State only from orders granting a motion to suppress evidence under Rule 12(b)(3), N.D.R.Crim.P., and from orders granting a motion to return evidence under Rule 41(e), N.D.R.Crim.P. The parties agree that Rule 41(e), N.D.R.Crim.P., is not applicable to this appeal. Rule 12(b)(3), N.D.R.Crim.P., specifically refers only to "[m]otions to suppress evidence on the ground that it was illegally obtained."

Simon's motion was essentially a pretrial motion in limine to preclude the State from introducing the results of the blood alcohol test into evidence and was not to "suppress evidence on the ground that it was illegally obtained" under Rule 12(b)(3), N.D.R.Crim.P. The trial court excluded the results of the blood test on the ground that Simon was deprived of the opportunity to cross-examine the expert who conducted the test and not on the ground that the evidence was "illegally obtained." We conclude the State's appeal is not authorized by Section 29–28–07(5), N.D.C.C.

The appeal is dismissed.

VANDE WALLE, C.J., LEVINE, MESCHKE and SANDSTROM, JJ., concur.