**CITY OF FARGO, Plaintiff and Appellant,**

v.

**Julian J. COSSETTE, Defendant and Appellee.**

**Cr. No. 930216.**

Supreme Court of North Dakota.

Feb. 23, 1994.

Thomas J. Gaughan (argued), City Prosecutor, Fargo, for plaintiff and appellant.

Bruce D. Quick (argued), of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee.

LEVINE, Justice.

The City of Fargo appeals from a county court order granting Julian Joseph Cossette's pretrial motions to exclude blood test results and a prior conviction from evidence in his trial for driving while under the influence of alcohol. We dismiss the appeal.

On January 17, 1993, Cossette was arrested in Fargo for driving while under the influence of alcohol in violation of the city municipal code. A blood sample was obtained from Cossette through the use of a blood alcohol collection kit. After Cossette requested a jury trial, the case was trans-

ferred from Fargo Municipal Court to Cass County Court. Cossette made pretrial motions to "exclude" from evidence the blood test results and a 1992 Clay County, Minnesota driving under the influence conviction entered pursuant to an uncounseled guilty plea.

Cossette argued that the blood test results were not admissible because the kit used to collect and preserve his blood, which includes a vacutainer tube and disinfectant swab, is a "device" within the meaning of N.D.C.C. § 39–20–07(5), that must be, but was not, approved and certified by the state toxicologist before the results can be accepted into evidence. *But see Bieber v. North Dakota Department of Transportation Director,* 509 N.W.2d 64, 67 (N.D.1993) [decided after trial court's decision in this case and holding that vacutainer tube used to collect and store a blood sample as part of the blood collection kit is not a "device" under N.D.C.C. § 39–20–07(5) required to be approved and certified by the state toxicologist]. Cossette argued that his prior Minnesota driving under the influence conviction was not admissible for enhancement purposes under N.D.C.C. § 39–08–01(4)(f) because, under *State v. Orr,* 375 N.W.2d 171 (N.D.1985), a purported written waiver of the right to counsel was not given knowingly and voluntarily. Following a hearing, the trial court agreed with both of Cossette's arguments and granted the motions. The City appealed.

■ This court has the duty to dismiss an appeal on its own motion if the attempted appeal fails to grant jurisdiction. *State v. Klocke,* 419 N.W.2d 918, 919 (N.D.1988). A city has "the same right to appeal that the State has 'when the complaint charges the defendant with an act proscribed by city ordinance which is also proscribed by a state statute.'" *City of Dickinson v. Kraft,* 472 N.W.2d 441, 442 (N.D.1991) [quoting *City of Bismarck v. Hoopman,* 421 N.W.2d 466, 468 (N.D.1988)]. Cossette was charged with driving under the influence in violation of Fargo Municipal Code § 8–0310, which is the same offense proscribed by N.D.C.C. § 39–08–01 and specifically incorporates all "relevant and applicable" state statutes relating to driving under the influence.

■ We must dismiss the City's appeal if it does not meet the requirements of N.D.C.C. § 29–28–07. *State v. Simon,* 510 N.W.2d 635, 636 (N.D.1994). Section 29–28–07(5) allows the prosecution to appeal from

"An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal."

We have construed § 29–28–07(5) to allow the prosecution to appeal an order suppressing evidence only if the order is one granting suppression "on the ground that it was illegally obtained" under N.D.R.Crim.P. 12(b)(3), or on the ground that the movant is "entitled to lawful possession of the property" under N.D.R.Crim.P. 41(e). *See State v. Miller,* 512 N.W.2d 469, 470 (N.D.1994); *Simon,* 510 N.W.2d at 636; *State v. Counts,* 472 N.W.2d 756, 757 (N.D.1991); *State v. Miller,* 391 N.W.2d 151, 155 (N.D.1986). Neither the trial court's decision to exclude the blood test results nor its decision to exclude the prior conviction falls within the meaning of subdivision 5.

The motions did not seek return of property under N.D.R.Crim.P. 41(e). The trial court did not exclude the blood test results from evidence because they were "illegally obtained" under N.D.R.Crim.P. 12(b)(3). Rather, the trial court excluded the results based on its conclusion that the blood collection kit was a "device" under N.D.C.C. § 39–20–07(5) which required approval and certification by the state toxicologist. *See Miller,* 512 N.W.2d at 470; *Simon,* 510 N.W.2d at 636.

Likewise, although the trial court excluded from evidence the 1992 Minnesota driving under the influence conviction on the basis that a written waiver of the right to counsel was not given knowingly and voluntarily under *Orr,* we do not view this ground as tantamount to a ruling that the evidence was

"illegally obtained" within the meaning of N.D.R.Crim.P. 12(b)(3).

In *Miller*, 391 N.W.2d at 152, we noted that N.D.C.C. § 29–28–07(5) was intended to relate to "the exclusion, by virtue of constitutional law, of evidence following a motion to suppress." But a Rule 12(b)(3) motion to suppress evidence on the ground that it was illegally obtained is the type of motion that "must be raised prior to trial." *See State v. Valgren*, 411 N.W.2d 390, 393 (N.D.1987). In this respect, our state rule "follows the federal rule...." Explanatory Note to N.D.R.Crim.P. 12. *See Valgren.* The Advisory Committee's Notes to the 1974 amendments to F.R.Crim.P. 12 indicate that subdivision (b)(3) was intended only to continue the existing requirement that motions to suppress evidence resulting from improper police practices be brought before trial, and not to extend the requirement to all cases of inadmissibility of evidence on all constitutional grounds:

"Subdivision (b)(3) makes clear that objections to evidence on the ground that it was illegally obtained must be raised prior to trial. This is the current rule with regard to evidence obtained as a result of an illegal search. See rule 41(e); C. Wright, Federal Practice and Procedure: Criminal § 673 (1969, Supp.1971). It is also the practice with regard to other forms of illegality such as the use of unconstitutional means to obtain a confession. See C. Wright, Federal Practice and Procedure: Criminal § 673 at p. 108 (1969). It seems apparent that the same principle should apply whatever the claimed basis for the application of the exclusionary rule of evidence may be. This is consistent with the court's statement in *Jones v. United States*, 362 U.S. 257, 264, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960):

"This provision of Rule 41(e), requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed *to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt.* (Emphasis added.)"

Notes to Advisory Committee on Rules, F.R.Crim.P. 12. That a motion to exclude evidence of a constitutionally invalid prior conviction is not the type of motion required to be brought prior to trial is shown by federal cases in which prior convictions are routinely allowed to be attacked on constitutional grounds after trial and either prior to or at sentencing. *See, e.g., United States v. Vea–Gonzales*, 986 F.2d 321 (9th Cir.1993), and cases cited therein.

A proper Rule 12(b)(3) motion seeks to suppress evidence based on the exclusionary rule and improper conduct by law enforcement authorities. In this case, Cossette did not argue, and the trial court did not conclude, that City authorities illegally obtained evidence of the Minnesota conviction from Clay County officials. We conclude that a trial court's decision to exclude evidence of a prior conviction because the defendant was deprived of constitutional rights in proceedings resulting in that conviction is not a decision based on a motion required to be made before trial to suppress evidence because it was illegally obtained under N.D.R.Crim.P. 12(b)(3). *See Simon*, 510 N.W.2d at 636 [trial court's exclusion of blood test results because defendant was deprived of opportunity to cross-examine expert who conducted test was not appealable]. Construing N.D.C.C. § 29–28–07(5) to authorize an appeal from every evidentiary ruling excluding evidence in which a violation of constitutional rights is alleged and found would unduly expand the narrow right to appeal authorized by the statute. *See Counts*, 472 N.W.2d at 757.

■ Section 29–28–07(1) also allows the prosecution to appeal from "[a]n order quashing an information or indictment or any count thereof." Under the circumstances of this case, we conclude that the trial court's exclusion from evidence of the prior conviction does not amount to an order "quashing" an information. Cossette was charged through a traffic citation which does not refer to the prior conviction. No other prior driving under the influence convictions appear in the record. Under N.D.C.C. § 39–08–01(2) and (4)(b), one prior driving under the influence conviction in a five-year period

enhances a defendant's sentence, but it does not enhance the offense from a class B misdemeanor to a class A misdemeanor. A prior conviction that enhances a sentence, but not the seriousness of the offense, is generally not regarded as an element of the offense. *See State v. Saul*, 434 N.W.2d 572, 574 (N.D. 1989); *State v. Gahner*, 413 N.W.2d 359, 362 (N.D.1987); *State v. Edinger*, 331 N.W.2d 553, 554 (N.D.1983). Therefore, in this case, the trial court's exclusion of the prior conviction does not have the effect of "quashing" the offense charged in the complaint.

Cossette's motions were essentially pretrial motions in limine seeking to preclude the City from introducing certain trial evidence. *See Simon*, 510 N.W.2d at 636. They were "request[s] which [are] capable of determination without the trial of the general issue [that] may be raised before trial by motion." N.D.R.Crim.P. 12(b). But the trial court's rulings on these motions are not the types of orders from which the legislature has allowed the City to appeal.

Accordingly, we dismiss the appeal.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.