STATE of North Dakota, Plaintiff and Appellant,

v.

Bradley John MILLER, Defendant and Appellee.

Cr. No. 930160.

Supreme Court of North Dakota.

Feb. 23, 1994.

Stephen R. Dawson (argued), Asst. State's Atty., Fargo, for plaintiff and appellant.

William Kirschner (argued), Kirschner Law Office, Fargo, for defendant and appellee.

NEUMANN, Justice.

The State has appealed from an order suppressing the result of a blood alcohol test. We dismiss the appeal.

Bradley John Miller was involved in a one-vehicle accident between 2 and 2:30 a.m. on October 27, 1992. When Cass County Deputy Sheriff Mike Grande arrived at the scene at 8:50 a.m., he noticed "an odor of an alcoholic beverage from" Miller. After Miller was transported to a hospital, Grande arrested him for driving while under the influence of intoxicating liquor. Grande had a nurse draw a sample of Miller's blood for alcohol testing at 11:30 a.m. The test result showed a blood alcohol concentration of .14 percent.

Miller moved to suppress the blood test result on the ground that it was "irrelevant and prejudicial." After a hearing, the trial court concluded (1) that "an alcohol sample drawn more than 9 hours after the . . . driving complained of is not relevant under Rule 402," N.D.R.Ev., and (2) even if "plaintiff could establish some marginal relevance for the evidence at trial, the evidence should be excluded pursuant to Rule 403," N.D.R.Ev. The court suppressed the test result and the State appealed.

Section 29–28–07(5), N.D.C.C., provides:

"An appeal may be taken by the state from:

\*　\*　\*　\*　\*　\*

"5.　An order granting the return of property or suppressing evidence, ... when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding."

That provision allows the State to appeal an order suppressing evidence only if the suppression order is one granting a motion to suppress evidence under Rule 12(b)(3), N.D.R.Crim.P., "on the ground that it was illegally obtained" or for the return of property under Rule 41(e), N.D.R.Crim.P., on the ground that the movant is "entitled to lawful possession of the property." *State v. Simon*, 510 N.W.2d 635 (N.D.1994); *State v. Counts*, 472 N.W.2d 756 (N.D.1991); *State v. Miller*, 391 N.W.2d 151 (N.D.1986).

As in *Simon, supra*, 510 N.W.2d at 636, Miller's "motion was essentially a pretrial motion in limine to preclude the State from introducing the results of the blood alcohol test into evidence." Miller's motion was not brought under Rule 12(b)(3) or Rule 41(e), N.D.R.Crim.P. The trial court excluded the result of the blood test under Rule 402 and Rule 403, N.D.R.Ev. We conclude that the State's appeal in this case is not authorized by § 29–28–07(5), N.D.C.C.

The appeal is dismissed.

VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.