**CITY OF FARGO, Plaintiff and Appellant,**

v.

**Darren CASPER, Defendant and Appellee.**

**CITY OF FARGO, Plaintiff and Appellant,**

v.

**Erick T. JONES, Defendant and Appellee.**

**CITY OF FARGO, Plaintiff and Appellant,**

v.

**Chad William PUNDSACK, Defendant and Appellee.**

Cr. Nos. 930255–930257.

Supreme Court of North Dakota.

Feb. 23, 1994.

Thomas J. Gaughan (argued), City Prosecutor, Fargo, for plaintiff and appellant.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendants and appellees; argued by Charles A. Stock, Fargo.

MESCHKE, Justice.

The City of Fargo appeals from a pretrial order barring evidentiary use of the results of three blood-alcohol tests. We dismiss the appeal.

Darren Casper, Erick Jones, and Chad Pundsack are charged with violating Fargo Municipal Code Section 8–0310 by driving under the influence of alcohol. They moved to suppress their blood-test results because the vacutainers used to draw their blood were not certified by the State Toxicologist. As an additional reason for suppression, they also argued that the chemists who tested their blood samples were not certified by the State Toxicologist to use the "headspace" method of analysis. The trial court agreed that vacutainers must be certified and therefore barred use of the blood-test results. The City appeals.

Although neither party raised appealability, we will dismiss an appeal on our own initiative if it fails for lack of jurisdiction. *State v. Himmerick,* 499 N.W.2d 568, 570 (N.D.1993). The state's right to appeal in a criminal action is a jurisdictional matter governed by NDCC 29–28–07. *State v. Counts,* 472 N.W.2d 756 (N.D.1991). As we held in *City of Bismarck v. Hoopman,* 421 N.W.2d 466, 468 (N.D.1988) to promote uniformity of criminal procedure, a prosecuting city can appeal under NDCC 29–28–07, like the state can, when an act violates both a state statute and a city ordinance.

The City argues this appeal is authorized by NDCC 29–28–07(5). However, that subsection is limited to appeals from "orders granting a motion to suppress evidence under Rule 12(b)(3), N.D.R.Crim.P., and from orders granting a motion to return evidence under Rule 41(e), N.D.R.Crim.P." *State v. Simon,* 510 N.W.2d 635, 636 (N.D.1994); *see also City of Fargo v. Cossette,* 512 N.W.2d

459 (N.D.1994); *State v. Miller*, 391 N.W.2d 151, 155 (N.D.1986) ("suppression" appeals limited to exclusions by virtue of constitutional law). N.D.R.Crim.P. 12(b)(3) authorizes suppression of "illegally obtained" evidence. The trial court did not rule that the blood was illegally obtained, but denied evidentiary use of the results because of noncompliance with NDCC 39–20–07. Thus, the City may not appeal from the suppression of the blood-test results.

Anticipating dismissal of its appeal, the City asked. us during oral argument to exercise our supervisory jurisdiction to review the trial court's order. We have original jurisdiction to issue a supervisory writ, but "will do so cautiously, and only in extraordinary circumstances." *B.H. v. K.D.*, 506 N.W.2d 368, 372 (N.D.1993). We may issue a supervisory writ only to rectify errors or prevent injustice to a party who has no other adequate remedy. *City of Fargo v. Dawson*, 466 N.W.2d 584, 585 (N.D.1991). We conclude a supervisory writ is not appropriate in this case.

After the trial court's order in this case, we ruled that vacutainers do not have to be certified as a "device" under NDCC 39–20–07(5). *Bieber v. Department of Transportation*, 509 N.W.2d 64 (N.D.1993). A trial court's decision to suppress evidence is an interlocutory order and may be reconsidered by the trial court on its own motion or upon motion by the parties. *See State v. Tibor*, 373 N.W.2d 877, 884 (N.D.1985) (citing authority); *United States v. Buffington*, 815 F.2d 1292, 1298 (9th Cir.1987). The trial court in this case has not yet had an opportunity to apply our decision in *Bieber*, and we are confident that a supervisory writ is not required to correct the trial court's decision. The City has an adequate remedy in the trial court.

We deny the City's request for a supervisory writ and dismiss the appeal.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.