# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 51

State of North Dakota,                                    Plaintiff and Appellant

v.

Richard Powley,                                          Defendant and Appellee

No. 20180226

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Marina Spahr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellant.

Todd N. Ewell, Bismarck, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]    The State appeals from an order limiting the admission of video evidence, and an order denying the State's motion to amend the criminal information.  On appeal, the State argues the district court erred by *sua sponte* excluding portions of allegedly relevant video and that the court erred by denying the motion to amend the information because the proposed additional charge is not a different offense.  The State alternatively requests this Court exercise our supervisory authority to review the district court rulings.  We conclude the State has no statutory right to appeal these issues.  We decline to exercise our supervisory authority and, therefore, we dismiss the appeal for lack of jurisdiction.

I

[¶2]    In February 2018, Richard Powley was charged with two counts of gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(a), both class AA felonies.  The charges resulted from a series of videos seized from Powley's phone; at least one of the videos depicted sexual acts with the alleged victim.  The videos were recorded between June 3, 2017 and June 5, 2017.  Before trial, Powley made a motion under N.D.R.Ev. 412, seeking to admit five of the videos in order to demonstrate specific instances of the alleged victim's consensual sexual behavior with Powley.

[¶3]    At a hearing on Powley's Rule 412 motion, Powley argued the five videos he sought to admit into evidence showed earlier sexual encounters between the alleged victim and Powley which demonstrated their past encounters were aggressive and objectifying in nature.  Powley emphasized it was significant *all eight* videos were recorded "within 44 hours of each other and they need to be viewed in that light."  At the hearing the State agreed that Videos 1 through 5 "look[ed] consensual," and submitted Video 6, Video 7, and Video 8 to show the nonconsensual acts giving rise

to the gross sexual imposition charges. The State argued those videos depicted the alleged victim unconscious and limp. The State argued Videos 6, 7, and 8 spoke for themselves and therefore there was no need to introduce Videos 1, 2, 3, 4, or 5.

[¶4] Following the hearing on the motion and after watching all eight videos, the district court issued an order *in limine*, ruling on Powley's Rule 412 motion, excluding all of Videos 1 through 5, finding the videos would be far too embarrassing for the alleged victim, and the purpose of their entry could be accomplished alternatively by eliciting testimony concerning prior consensual sexual encounters. In addition, the court limited the admission of Video 6, allowing into evidence only the portion of the video at which point the alleged victim regained consciousness, and fully excluding Video 7 and Video 8. The court reasoned that since the State charged Powley under N.D.C.C. § 12.1-20-03(1)(a), which requires the State to prove the defendant "compelled" the victim to submit by "force," portions of the video showing the alleged victim to be asleep or unconscious would be unfairly prejudicial and misleading to the jury because, "[w]hen a victim pretends to be asleep or is actually asleep, the person is not being compelled by force to engage in a sexual act."

[¶5] The district court issued its order on May 24, 2017. In May 2018, days before the scheduled trial, the State moved the court to reconsider its order *in limine* and also moved to amend the information to include another subsection of the gross sexual imposition statute. The original information charged Powley under N.D.C.C. § 12.1-20-03(1)(a), and the State sought to add subsection (1)(c) to the information. The State argued the court should not have excluded any part of Video 6 *sua sponte*, and explained why the evidence should be allowed at trial. The court denied the State's motion to reconsider because the court could not discern the legal basis for the State's requested relief. The court also denied the State's motion to amend the information, noting the two offenses "are two totally different elements and thus two different charges;" "[o]ne offense requires the Defendant to compel the victim to submit by force the other requires the victim to be unaware or unconscious."

2

## II

[¶6]    Reviewing a district court's exclusion of evidence, this Court has held "the trial court has broad discretion in evidentiary matters, and we will not overturn a trial court's decision to admit or exclude evidence unless the court abused its discretion." *State v. Stoppleworth*, 2003 ND 137, ¶ 6, 667 N.W.2d 586 (citation omitted).

## A

[¶7]    As a threshold matter, we consider the appealability of the order *in limine*. The State argues the district court's order titled "Order Granting Defendant's Rule 412 Motion in Part and Order *in Limine* as to Testimony and the Playing of Video Evidence," amounts to an order *suppressing* evidence that is appealable.  Powley argues because the video was not suppressed on grounds that it was illegally obtained and instead was limited based on the rules of evidence, the court's order did not amount to a suppression of evidence, appealable under N.D.C.C. § 29-28-07(5). Under N.D.C.C. § 29-28-07(5), the State may appeal:

> An order granting the return of property or *suppressing evidence*, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.  The statement must be filed with the notice of appeal.

(Emphasis added.)  "The State's right to appeal in a criminal action is governed by Section 29-28-07, N.D.C.C., and is a jurisdictional matter."  *State v. Simon,* 510 N.W.2d 635, 636 (N.D. 1994).

[¶8]    At trial, the district court judge cited *Simon*, 510 N.W.2d at 635, for the proposition that an order *in limine* is not appealable.  In *Simon*, this Court held a pretrial motion *in limine* aiming to preclude the introduction of a blood test into evidence was not appealable under N.D.C.C. § 29-28-07(5).  We held N.D.C.C. 29-28-07(5) authorizes "appeals by the State only from orders granting a motion to suppress evidence under Rule 12(b)(3), N.D.R.Crim.P., and from orders granting a

3

motion to return evidence under Rule 41(e), N.D.R.Crim.P." *Simon*, at 636 (quoting *State v. Miller*, 391 N.W.2d 151, 155 (N.D. 1986)).

[¶9] Several of our past cases have explained the procedural impact of a district court's ruling on a motion *in limine*: "The pre-trial exclusion of evidence by a motion in limine, however, is a preliminary order regarding the admissibility of evidence and does not dispense with the need for the proponent of evidence to make an offer of proof at trial so the district court can consider the proffered evidence in the context of other evidence presented during trial." *Estate of Gassmann*, 2015 ND 188, ¶ 13, 867 N.W.2d 325; *see also Williston Farm Equip., Inc. v. Steiger Tractor, Inc.*, 504 N.W.2d 545, 550 (N.D. 1993) ("However, the exclusion of evidence by a motion in limine does not dispense with the need for the proponent of evidence to make an offer of proof so the trial court can consider the proffered evidence in the context of other evidence presented during trial.").

[¶10] The difference between an order suppressing evidence and an order *in limine* turns on whether the evidence is excluded on the basis of illegality or a violation of the rules of evidence. *City of Fargo v. Cossette,* 512 N.W.2d 459, 460 (N.D. 1994) ("We have construed 29-28-07(5) to allow the prosecution to appeal an order suppressing evidence only if the order is one granting suppression 'on the ground that it was illegally obtained' under N.D.R.Crim.P. 12(b)(3), or on the ground that the movant is 'entitled to lawful possession of the property' under N.D.R.Crim.P. 41(e).") (citations omitted); *see also State v. Dwyer*, 847 S.W.2d 102, 103 (Mo. Ct. App. 1992) ("The 'suppression' of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained. Evidence may be highly relevant and admissible as against all objections based upon the rules of evidence.") (citations omitted). The distinction has also been discussed at length in a doctrinal context, beyond jurisdictional bounds:

> The motion in limine must be distinguished from other pretrial devices
> that affect the presentation of evidence at trial. One such device,
> utilized in criminal cases, is the motion to suppress evidence. This is

4

the procedure that is most often confused with the motion in limine. Like the latter motion, it seeks the exclusion of evidence in advance of the actual trial, and the evidence in question may well be inflammatory and prejudicial to the defendant. However, relief is sought in a suppression hearing on *specific constitutional or statutory grounds*, whereas the motion in limine is directed only to the trial judge's *inherent and discretionary power* to prevent prejudicial occurrences from transpiring in the presence of the jury. The motion in limine does not seek to invoke the duty of the court to exclude evidence that, if admitted, would violate a party's constitutional rights.

20 Am. Jur. Tr. 441 *Motion in Limine Practice* § 7 (1973) (Nov. 2018 Update) (emphasis added).

[¶11] We agree with Powley that the district court's order is not appealable under N.D.C.C. § 29-28-07(5).


B

[¶12] Because an appeal from an order *in limine* is not statutorily authorized, the State urges us to exercise our supervisory jurisdiction through the issuance of a supervisory writ.

> This Court's authority to issue supervisory writs is derived from N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04. *Roe v. Rothe-Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289. The authority to issue a supervisory writ is discretionary, and we decide whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case. *State ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." *Id*. Issues of vital concern regarding matters of important public interest may warrant the exercise of our supervisory jurisdiction. *Id*.

*Winter v. Solheim*, 2015 ND 210, ¶ 11, 868 N.W.2d 842. In *State v. Holte*, this Court issued a supervisory writ where there was little likelihood the issue "could or would be raised in a direct appeal following the trial." 2001 ND 133, ¶ 6, 631 N.W.2d 595. In *Holte*, the State petitioned this Court for a supervisory writ directing the district court to vacate part of a pretrial order holding the court would instruct a jury that

5

"willfulness" was the culpability requirement under the violated statute. *Id.* at ¶ 1. The State argued the offense was a strict liability offense, and therefore, there was no "willful" culpability requirement. *Id.* at ¶ 4. This Court found the case presented extraordinary circumstances justifying its exercise of supervisory jurisdiction because:

> for all practical purposes, there is little likelihood the issue could or would be raised in a direct appeal following the trial . . . [i]f [the defendant] were found not guilty by the jury, the State could not appeal. If [the defendant] were found guilty by the jury, he obviously would not raise the issue in a direct appeal. Although it might be possible for the State to raise the issue if [the defendant] appealed and challenged the sufficiency of the evidence, that possibility is remote at best.

*Id.* at ¶ 6 (citations omitted).

[¶13] However, the fact that the State may be unable to appeal the district court's ruling does not necessarily create extraordinary circumstances justifying supervisory jurisdiction. Allowing such would ignore the prohibition of appeals under N.D.C.C. § 29-28-07. We are not convinced that the order *in limine* on exclusion of evidence here requires us to exercise our supervisory jurisdiction to prevent injustice and we decline the State's request.

### III

[¶14] "This Court reviews a district court's decision to allow the State to amend the information under the abuse of discretion standard." *State v. Carlson*, 2016 ND 130, ¶ 6, 881 N.W.2d 649 (quoting *State v. Hammer*, 2010 ND 152, ¶ 26, 787 N.W.2d 716). Rule 7(e), N.D.R.Crim.P., provides:

> Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding. If the prosecuting attorney chooses not to pursue a charge contained in the initial information, a dismissal of that charge must be stated in the amended information.

The State argues the court erred by denying the State's motion to amend the information because the proposed amendment would not add a different offense and

6

instead would add an alternate way of committing the same crime of gross sexual imposition.

A

[¶15]   Again, we must consider whether the district court's order denying the motion to amend the information is appealable.  An appeal of a court's order denying a motion to amend an information is not authorized by this state's statute controlling what the State may appeal. N.D.C.C. § 29-28-07. "We exercise our authority to issue supervisory writs rarely and cautiously, and *only* to rectify errors and prevent injustice *in extraordinary cases* when no adequate alternative remedy exists." *State, ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626 (emphasis added).  We explained the standard for invoking our supervisory jurisdiction above, and elaborate further now to account for our past decisions relating to amendments of complaints and informations.

[¶16]   In *State v. Romanick*, 2017 ND 42, ¶¶ 1, 4-9, 890 N.W.2d 803, this Court decided to exercise its discretionary supervisory authority to review a district court's order denying the State's motion to amend its complaint.  In *Romanick*, the State requested a supervisory writ to grant an amendment to a criminal complaint to correct a clerical error.  *Id.* at ¶ 5.  This Court held the "unusual nature of the charges involving a public official's duties and responsibilities to inmates in the official's custody and control and the public's interest in the resolution of those charges" demonstrated the case was "extraordinary." *Id*. at ¶ 7.  That case involved the death of an inmate while involuntarily in governmental custody.  *Id*.  Additionally, this Court doubted there were adequate alternative remedies available to the State, since "[t]he State could not appeal if Sheriff Kukowski were acquitted by a jury . . . [i]f Sheriff Kukowski were found guilty by a jury and appealed he likely would not raise an issue about the denial of the State's motion to amend the complaint and the possibility the State could raise the issue is remote." *Id*. at ¶ 8.

7

[¶17] The State argues this case is like *Romanick* because the State is unable to appeal from an order denying a motion to amend the information and if Powley is acquitted, the State is also unable to appeal. The State also argues, without any analysis, that Powley has a valid res judicata argument if the State later charges Powley for the crimes alleged in the denied amended information. However, unlike *Romanick*, the State here has made no argument this case raises issues of vital concern regarding matters of important public interest. While charges of gross sexual imposition are clearly serious in nature, the State has not shown why this case is extraordinary. Rather, the State's primary argument is that under *Carlson,* the State should be allowed to amend the information because the State is not adding an offense and Powley is not prejudiced by the amendment. 2016 ND 130, ¶¶ 6-10. In *Carlson*, this Court affirmed the district court's decision to allow the State to amend its information where there was no additional or different offense charged and the defendant was not prejudiced. *Id*. at ¶¶ 9-10. The State's reliance on *Carlson* is unpersuasive in the lens of requesting a supervisory writ. Just because the court may have been able to amend the information does not show the court abused its discretion in denying the motion. Nothing in N.D.R.Crim.P. 7(e), requires a court to amend an information; rather, the rule proscribes amendment in instances when an additional or different offense is charged or a substantial right of the defendant is prejudiced. In other words, something more is necessary to show the court abused its discretion, and we are not persuaded that a possible error by the court requires supervision.

[¶18] We are not convinced the district court's denial of the motion to amend the information here is either extraordinary or creates an injustice to the State. Therefore, we decline to exercise our supervisory jurisdiction.

IV

[¶19] We dismiss the appeal for lack of jurisdiction.

[¶20] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

9