2015 ND 268

**Zachary JOHNSON and Margie Johnson, Plaintiffs and Appellees**

v.

**BUSKOHL CONSTRUCTION INC. and John Buskohl, Defendants and Appellants.**

No. 20150006.

Supreme Court of North Dakota.

Dec. 1, 2015.

Steven J. Lies (on brief) and Brittany L. Hatting (argued), Wahpeton, ND, for plaintiffs and appellees.

Kraig A. Wilson (argued), Grand Forks, ND, for defendants and appellants.

McEVERS, Justice.

[¶ 1]   John Buskohl and Buskohl Construction Inc. (collectively "Buskohl") appeal from a district court's judgment entered on a jury verdict and from an amended order denying a motion for a new trial. We conclude the district court erred in admitting hearsay evidence that did not fall within an exclusion or exception. We reverse the district court's judgment and remand for a new trial, because the district court's error affected Buskohl's substantial right to a fair trial.

I

[¶ 2]   Zachary Johnson and Margie Johnson contracted with Buskohl Construction Inc. as a general contractor to oversee the construction of their new house.   John Buskohl is the sole shareholder, officer, and director of Buskohl Construction Inc. Due to a deteriorating relationship with the Johnsons, Buskohl walked off the job before construction was complete, leaving various "odds-and-ends" unfinished on the house.   The Johnsons repaired some of the alleged deficiencies themselves and solicited bids from various contractors to fix the remaining issues.

[¶ 3]   The Johnsons sued Buskohl alleging Buskohl negligently constructed the house, breached the contract, and breached the warranty to construct the house in a workmanlike manner.   After the initial scheduling order, the parties agreed to extend the disclosure deadline for expert witnesses to April 11, 2014.   Buskohl disclosed DuWayne Ternes as an expert witness before the disclosure deadline passed. Buskohl disclosed Kurt Sandman as an expert witness on July 21, 2014.

[¶ 4]   At trial, Buskohl informed the district court he intended to call Sandman as an expert witness the next day.   The Johnsons objected, among other grounds, because Buskohl did not timely disclose Sandman as an expert witness.   The district court sustained the Johnsons' objection and did not permit Sandman to testify.   Buskohl did not request a continuance and did not call Ternes to testify as an expert witness.

[¶ 5]   Prior to opening statements, Buskohl argued the jury should not be allowed

to hear anything about an exhibit regarding an estimate from Deckmasters, Inc. because it lacked foundation and was hearsay. The Johnsons responded they did not intend to use the estimate. No reference to the Deckmasters estimate was made in opening statements by either party. During trial, the Johnsons introduced the estimate by Deckmasters to fix their deck for $30,100 through testimony of Zachary Johnson. The estimate was unsigned and indicated it was prepared "based off of site-unseen deck," followed by the disclaimer, "[c]ould result in change orders and additional costs." The Johnsons did not subpoena or call a representative of Deckmasters to testify at trial.

[¶ 6] Buskohl objected to admission of the estimate on the grounds of hearsay and lack of foundation. After a sidebar, off the record, the district court overruled Buskohl's objections, received the estimate into evidence, and allowed Zachary Johnson to testify as to the contents of the estimate. The district court did not state on the record the rule of evidence under which the estimate was admissible. Outside the hearing of the jury, the district court stated, "I think ... there's no reason to believe that [the estimate] is not ... legitimate.... Beyond that I think the objection goes to weight rather than the admissibility of the document. It's received. My ruling stands on that issue."

[¶ 7] When the parties and the district court were reviewing jury instructions, Buskohl proposed a second amended special verdict form to require the jury to make special findings on damages and that damages be categorically itemized by (1) sheet rock/taping; (2) decking; (3) porch/Tyvek; and (4) miscellaneous house issues. The district court rejected Buskohl's proposed special verdict form and submitted a special verdict form that did not itemize damages.

[¶ 8] During closing argument, the Johnsons stated Buskohl failed to "call the inspector that was sent out on behalf of Mr. Buskohl to look at the windows.... [T]hey failed to call a witness who would have been qualified as an expert to refute stuff." After the jury retired for deliberations, Buskohl objected to the statement as being unduly prejudicial and moved for a mistrial. The district court overruled the objection as untimely because a curative instruction could have been given in the presence of the jury. The district court also said it heard the Johnsons refer to Buskohl failing to call an "inspector" not an "expert."

[¶ 9] The jury returned a verdict in favor of the Johnsons. The jury found Buskohl Construction Inc. is the alter ego of John Buskohl, and Buskohl was negligent, breached the contract, and breached the warranty. The jury awarded the Johnsons $55,000 in damages.

[¶ 10] Buskohl moved for a new trial under N.D.R.Civ.P. 59(b), arguing irregularities in the proceedings prevented him from receiving a fair trial. The district court denied the motion.

II

[¶ 11] On appeal, Buskohl argues the district court abused its discretion by denying a new trial because the district court erred in (1) failing to provide a special verdict form that categorically itemized damages; (2) allowing hearsay into evidence; (3) excluding Buskohl's expert from testifying; and (4) denying Buskohl's motion for mistrial based on improper closing argument.

[¶ 12] Rule 59(b)(1), N.D.Civ. P., provides:

(b) *Grounds for New Trial.* The court may, on motion of an aggrieved party, vacate the former verdict or decision

and grant a new trial on any of the following grounds materially affecting the substantial rights of the party:

(1) irregularity in the proceedings of the court, jury, or adverse party, or any court order or abuse of discretion that prevented a party from having a fair trial.

"Irregularity" in the proceeding is "nonconformance to a rule or a law, or failure to follow the requirement of the law." *Felix v. Lehman*, 74 N.D. 125, 20 N.W.2d 82, 84 (1945). " '[A] decision on a motion under N.D.R.Civ.P. 59 is within the sound discretion of the trial court, and denial of a motion under N.D.R.Civ.P. 59 will not be reversed, absent a manifest abuse of discretion.' " *MayPort Farmers Co–Op v. St. Hilaire Seed Co., Inc.*, 2012 ND 257, ¶ 8, 825 N.W.2d 883 (quoting *Jarvis v. Jarvis*, 1998 ND 163, ¶ 8, 584 N.W.2d 84). "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *MayPort*, at ¶ 8. "The party seeking relief has the burden to affirmatively establish an abuse of discretion." *Sollin v. Wangler*, 2001 ND 96, ¶ 8, 627 N.W.2d 159. "The standard for reviewing an order denying a motion for a new trial is, after viewing the evidence in the light most favorable to the verdict, whether there is sufficient evidence to justify the verdict." *Braunberger v. Interstate Engineering, Inc.*, 2000 ND 45, ¶ 7, 607 N.W.2d 904.

**A**

[¶ 13] Buskohl argues the district court abused its discretion in failing to categorically itemize damages in the special verdict form submitted to the jury. We disagree.

[¶ 14] "Special verdict forms are governed by N.D.R.Civ.P. 49(a), and a trial court has broad discretion over the nature and scope of written questions submitted to the jury." *Moen v. Thomas*, 2004 ND 132, ¶ 14, 682 N.W.2d 738. Rule 49(a), N.D.R.Civ.P., provides:

(a) *Special Verdict.*

(1) In General. The court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact. The court may do so by:

(A) submitting written questions susceptible of a categorical or other brief answer;

(B) submitting written forms of the special findings that might properly be made under the pleadings and evidence; or

(C) *using any other method that the court considers appropriate.*

(Emphasis added). Whether to require the jury to make a special finding upon each issue of fact is within the sound discretion of the trial court. *North Am. Pump Corp. v. Clay Equip. Corp.*, 199 N.W.2d 888, 898 (N.D.1972). In reviewing a trial court's use of a special verdict, we consider whether the trial court abused its discretion, based on the evidence presented and the issues involved in the case. *Moen*, 2004 ND 132, ¶ 14, 682 N.W.2d 738. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Estate of Cashmore*, 2010 ND 159, ¶ 21, 787 N.W.2d 261.

[¶ 15] Here, Buskohl submitted a special verdict form requesting the jury make special findings in calculating damages based on four areas: (1) sheet rock/taping; (2) decking; (3) porch/Tyvek; and (4) miscellaneous house issues. Buskohl argued the itemization would be helpful to another pending action, stating "I

think the reason we need to separate it out that way is so that for the declaratory judgment action the jury, a jury, has already made that determination as to what damages they find to be awarded and the amounts and then that takes care of it for the deck [sic] action." Buskohl provided no legal authority to support his argument that simplifying a parallel declaratory judgment action required the requested itemization of damages. The district court did not require the jury to make special findings itemizing the calculation of damages. Instead, the district court submitted a special verdict form that asked: "What amount of money will fairly and adequately compensate the plaintiffs for all the detriment proximately caused by the negligence, breach of contract, or breach of warranty found above?"

[¶ 16] The district court may require a jury to return findings in a special verdict form in a manner it considers appropriate. *See* N.D.R.Civ.P. 49(a)(1)(c). Although the way the district court phrased the damages question provides us no way of discerning an itemized basis for the damages awarded by the jury, we conclude the district court did not abuse its discretion in refusing to categorically itemize damages in the special verdict form, particularly, when the requested instruction was not supported with legal authority. However, had the district court used such an instruction, it may have mitigated any prejudice the erroneous admission of the Deckmasters estimate had on Buskohl's right to a fair trial.

### B

[¶ 17] Buskohl argues the district court abused its discretion in admitting the Deckmasters estimate into evidence because it is inadmissible hearsay and for lack of foundation. The Johnsons argue Buskohl opened the door to the admission of the estimate by referencing it in their opening statement to the jury. The Johnsons argue the estimate was admissible because it was made in the ordinary course of Deckmasters' business. The Johnsons further argue the estimate is admissible under the residual exception under N.D.R.Evid. 807.

[¶ 18] "[A] district court has broad discretion on evidentiary matters, and this Court will not reverse a lower court's decision to admit or exclude evidence absent an abuse of discretion." *Interest of J.S.L.*, 2009 ND 43, ¶ 18, 763 N.W.2d 783. "A court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner, or if it misinterprets or misapplies the law." *Id.*

[¶ 19] The Johnsons argue Buskohl opened the door to admit the estimate by referencing it in their opening statement to the jury. The Johnsons made this argument during trial, but did not argue this ground in their brief in opposition to Buskohl's motion for a new trial. The district court did not state a basis on the record whether the Deckmasters estimate was admitted on the basis that Buskohl "opened the door," and it was not addressed in the order denying the motion for a new trial. In *Flynn v. Hurley Enterprises, Inc.*, 2015 ND 58, ¶ 13, 860 N.W.2d 450, we discussed the "opened the door" doctrine, explaining that "a trial court is vested with discretion to decide whether a party has opened the door for the admission of otherwise inadmissible evidence." The Johnsons make no reference to the record to show what comments made in Buskohl's opening statement opened the door. A review of the transcript shows no reference made to the Deckmasters estimate or the specific dollar amount of the estimate made by Buskohl during the opening statement. "We have repeatedly stated we are not ferrets and we will not consider an argument that

is not adequately articulated, supported and briefed." *Hale v. State*, 2012 ND 148, ¶ 12, 818 N.W.2d 684. Because the Johnsons have failed to direct us to which comments opened the door we will not assume the district court admitted the Deckmasters estimate on this basis and will not further address the argument.

[¶ 20] The Johnsons argue, without citing to any particular rule, that the estimate was made in the ordinary course of Deckmasters' business. The Johnsons also argue that they were unable to secure anyone from Deckmasters to testify because they refused to testify. Viewing the Johnsons' argument liberally, it appears they are arguing the estimate should be admitted under N.D.R.Evid. 803(6), as a record kept in the regularly conducted activity of a business. However, even if the estimate is a record regularly kept by Deckmasters, the rule requires testimony of the custodian or another qualified witness or by certification for the estimate to be admitted. See N.D.R.Evid. 803(6)(D). Without a qualified witness from Deckmasters to lay foundation, the estimate was not admissible under N.D.R.Evid. 803(6)(D).

■ [¶ 21] We next address the Johnsons' argument that the estimate is admissible under the residual exception of N.D.R.Evid. 807. The Johnsons concede the Deckmasters estimate constitutes hearsay under N.D.R.Evid. 801(C). An unidentified declarant created the estimate which is a written assertion, outside of testimony at trial. The Johnsons used the estimate to prove the truth of the matter it asserted, that the deck required $30,100 in repairs, and not for some other, non-hearsay purpose. Nevertheless, the Johnsons argue the district court properly admitted the estimate into evidence under the residual exception under N.D.R.Evid. 807.

[¶ 22] Rule 807, N.D.R.Evid., governs the requirements for admission of hearsay evidence under the residual exception. Rule 807, N.D.R.Evid., provides:

(a) *In General.* Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

(1) The statement has equivalent circumstantial guarantees of trustworthiness;

(2) It is offered as evidence of a material fact;

(3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) Admitting it will best serve the purposes of these rules and the interests of justice.

(b) *Notice.* The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

■ [¶ 23] Here, the district court did not make any findings on the record under N.D.R.Evid. 807(a)(1)–(4) that the requirements had been met. Likewise, the district court did not address the advance notice requirement of N.D.R.Evid. 807(b). The district court merely indicated there was no reason to believe the Deckmasters estimate was not legitimate, the estimate supported the amount of damages the Johnsons sought, and Buskohl's objection went to the weight of the estimate not to its admissibility. When a district court does not make detailed findings when admitting evidence under a re-

sidual exception, an appellate court may review the record to determine if the prerequisites to admissibility have been met. *Interest of J.S.L.*, 2009 ND 43, ¶ 18, 763 N.W.2d 783.

[¶ 24] However, our review of this record was hampered by the failure to record pertinent sidebar discussions. The trial transcript contains no reference to Rule 807 nor is there any reference to the term "residual exception." Rather, the transcript provides the district court overruled Buskohl's hearsay objection and Buskohl requested a sidebar discussion with the court. The district court, without comment on the record, allowed Zachary Johnson to testify regarding the Deckmasters estimate. While the district court presented the parties an opportunity to make a record of the sidebar conversations, they chose not to. The sidebar discussions are required to be recorded. Under N.D. Sup. Ct. Admin. R. 39, § 2, "[t]he record of testimony and proceedings of the district court must be preserved using audio-recording devices, video-recording devices, or stenographic shorthand notes." *See also State v. Wanner*, 2010 ND 121, ¶ 14, 784 N.W.2d 143. Assuming the district court admitted the estimate under the residual exception of N.D.R.Evid. 807, the record does not show the prerequisites for admissibility have been met. As a starting point, the record does not reflect that the Johnsons met the notice requirement of N.D.R.Evid. 807(b), because there was no showing the Johnsons provided the name and address of the person who provided the estimate. While the estimate itself was provided well in advance of trial, the notice requirements were not met.

[¶ 25] In addition, the record does not reflect that the district court correctly applied N.D.R.Evid. 807(a)(1), which requires "the statement has equivalent circumstantial guarantees of trust-

worthiness." When reviewing whether a statement is sufficiently trustworthy under the residual exception, we look to federal authorities' interpretation of the federal version of the rule. *See Interest of J.S.L.*, at ¶ 19. In relying on federal authorities, we have stated courts should inquire into the reliability and necessity for the statement. *Id.* "The most important requirement for residual hearsay is that it possess guarantees of trustworthiness equivalent to those supporting the Rule 803 and 804 exceptions. No inclusive list of factors determining admissibility can be devised because admissibility hinges upon the peculiar factual context within which the statement was made." 4 Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual* § 807.02[4] (10th ed.2011). Some common factors noted in the Federal Rules of Evidence Manual that may apply to the facts here include: (1) the relationship between the declarant and the person to whom the statement was made; (2) the capacity of the declarant at the time of the statement; (3) whether the statement, as well as the event described by the statement, is clear and factual, or instead is vague and ambiguous; (4) whether the statement was made pursuant to formal duties, such that the declarant would have been likely to consider the accuracy of the statement when making it; (5) whether statement appears to have been made in anticipation of litigation and therefore may be subject to a suspect motive; (6) whether the declarant was a disinterested bystander rather than an interested party; and (7) whether the statement is corroborated by independent evidence or similar statements from others. *Id.*

[¶ 26] Here, the only analysis made by the district court on the record was "there's no reason to believe that [the estimate] is not ... legitimate." If the dis-

trict court admitted the Deckmasters estimate under the residual exception, it misapplied the rule. The issue is not whether the estimate was legitimately submitted to the Johnsons by Deckmasters, rather the issue is whether the estimate is trustworthy. In reviewing the estimate there are multiple reasons to doubt its trustworthiness. First and foremost, the estimate is not signed by anyone, despite having a space for an authorized signature, and the preparer of the estimate is not even identified. It is impossible to assess the credibility of an unknown declarant. The estimate was "based off of site-unseen deck" and contemplated change orders, making the estimate vague and ambiguous. The estimate was dated January 27, 2014, more than six months after the Johnsons commenced their lawsuit; therefore, the statement was made in anticipation of litigation. In addition, the estimate was not corroborated by independent evidence of similar statements of others.

[¶ 27] Under these circumstances, the district court abused its discretion by admitting the estimate, because the facts do not show the estimate had circumstantial guarantees of trustworthiness required under Rule 807(a)(1) and for failing to consider the notice requirements under Rule 807(b). Therefore, Buskohl has met his burden of establishing the district court abused its discretion in admitting the estimate into evidence because it misapplied the law.

[¶ 28] Having determined the district court erred, we next determine whether the estimate's admission constitutes reversible error. Rule 61, N.D.R.Civ.P., provides:

Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Therefore, to be prejudicial error, Buskohl's substantial rights must be affected.

[¶ 29] The jury awarded the Johnsons $55,000 in the special verdict form. The Deckmasters estimate to fix the deck was $30,100. The Johnsons argue the error was harmless because the $55,000 award was well within the reasonable range the jury could have found with or without the information from the Deckmasters' estimate.

[¶ 30] The Johnsons' argument assumes the jury accepted as true all evidence of damages submitted to it. If the jury based its award calculation on all the evidence of damages submitted to it, at face value, the jury would have been justified awarding the Johnsons between $87,642 and $88,624. However, the jury awarded $55,000 in a lump-sum. On this record, we are not able to determine what evidence the jury relied on or disregarded when it calculated its award. Without reviewing a categorically itemized special verdict form, we cannot rule out the possibility the jury relied on inadmissible hearsay in calculating a substantial portion of its award. *See Rudnick v. Rode*, 2012 ND 167, ¶ 11, 820 N.W.2d 371 ("Evidence based on inadmissible hearsay is not competent evidence."). Because it is not possible to connect the jury's lump-sum award to specific damaged areas or items, and because a substantial proportion of the award could have been based on inadmissible hearsay evidence, Buskohl's substantial right to a fair trial was affected. Therefore, Buskohl has established his substantial right to a fair trial was affected by the erroneous admission of the estimate.

## V

[¶ 31] We do not address other arguments raised because they are unnecessary to the decision. The district court's judgment is reversed and we remand for a new trial.

[¶ 32] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.