2016 ND 167

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Chris ENGELHORN, Defendant and Appellee.**

**No. 20160058.**

Supreme Court of North Dakota.

Aug. 22, 2016.

Ladd R. Erickson, State's Attorney, Washburn, N.D., for plaintiff and appellant.

Andrew J.Q. Weiss, Mandan, N.D., for defendant and appellee; submitted on brief.

McEVERS, Justice.

[¶ 1] The State appeals after the district court ruled the State could not use a defendant's horizontal gaze nystagmus (HGN) test results as evidence of impairment in a jury trial for actual physical control of a vehicle while under the influence of alcohol. We reverse, concluding the court misapplied the law regarding the admissibility of HGN test results.

I

[¶ 2] According to McLean County Deputy Sheriff Curt Olson's affidavit, Olson approached a running vehicle after responding to an early-morning report the vehicle was in a ditch. Olson observed the driver sleeping inside the vehicle. The driver identified himself as Chris Engelhorn and admitted he had been drinking alcohol the night before. After Engelhorn recited the alphabet and counted backwards, Olson administered the HGN test, which measures the involuntary rapid movement of the eye. Engelhorn failed the HGN test and a preliminary breath test. Olson arrested Engelhorn for actual physical control of a vehicle while under the influence of alcohol.

[¶ 3] The State filed a motion in limine requesting to use Engelhorn's HGN test results, through Olson's testimony, as evidence of impairment at trial. The district court denied the motion, concluding Engelhorn's HGN test results could not be used at trial without expert testimony establishing the scientific reliability of the HGN test.

II

[¶ 4] On appeal, the State argues the district court erred in denying its motion in limine requesting to use Engelhorn's HGN test results as evidence at trial.

[¶ 5] A district court has broad discretion on evidentiary matters and we review a ruling on a motion in limine under the abuse of discretion standard. *State v. Kuruc*, 2014 ND 95, ¶ 26, 846 N.W.2d 314. A court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law. *Johnson v. Buskohl Constr., Inc.,* 2015 ND 268, ¶ 18, 871 N.W.2d 459.

[¶ 6] The State argues Deputy Olson should be allowed to testify at trial about Engelhorn's HGN test results under this Court's decision in *City of Fargo v. McLaughlin,* 512 N.W.2d 700 (N.D.1994). We agree. In *McLaughlin,* we held an officer may testify about a defendant's HGN test results upon a showing of the

officer's training and experience in administering the test, and a showing that the officer properly administered the test. *Id.* at 708. We concluded "HGN test results are admissible only as circumstantial evidence of intoxication, and the officer may not attempt to *quantify* a specific BAC based upon the HGN test." *Id.*

[¶ 7] In its denial of the State's motion in limine, the district court order discussed *McLaughlin* and cases from Tennessee and Florida that exclude HGN evidence without expert testimony. *See State v. Murphy,* 953 S.W.2d 200, 202–03 (Tenn. 1997); *Robinson v. State,* 982 So.2d 1260, 1261 (Fla.Dist.Ct.App.2008). The district court concluded it is no longer willing to rely on *McLaughlin:*

> I am no longer willing to rely on *McLaughlin* as authority for admission of HGN test results given as lay testimony. I am persuaded the evidence which is being proposed is scientific evidence, and I do not intend to admit it without the foundation required by Rule 702 and 703 of the North Dakota Rules of Evidence. Because of conflicting published information, I am not willing to take judicial notice of the reliability or lack of reliability of HGN testing. I conclude that a hearing would be required to establish the scientific basis for and reliability of the HGN evidence which the State wishes to present.
>
> Without further hearing, I do not intend to allow the State to present evidence of the administration of or results of HGN testing in this matter.

[¶ 8] In *McLaughlin,* 512 N.W.2d at 706, this Court recognized and discussed cases similar to those relied on by the district court requiring expert testimony before admitting evidence of HGN test results. We rejected that rationale:

> We begin our analysis by noting that the underlying scientific basis for HGN testing—that intoxicated persons exhibit nystagmus—is undisputed, even by those cases and authorities holding the test inadmissible without scientific proof in each case. It is generally accepted that a person will show a greater degree of nystagmus at higher levels of intoxication, and that a properly conducted HGN test can identify nystagmus. We take notice of these physiological facts, and conclude that it is unnecessary to require expert testimony of these widely accepted principles.
>
> These principles comprise the only "scientific" components of the HGN test. The officer, based upon his training in these principles, observes the objective physical manifestations of intoxication, and no expert interpretation is required. The test requires simply that the officer observe the subject's eyes following a moving object.
>
> Those cases and other authorities, that urge an individualized scientific foundation by expert testimony for admission of HGN test results in each case, point to a number of factors allegedly showing the unreliability of the test: the potential for false positive results; other possible physiological causes for nystagmus; lack of close correlation between degree of nystagmus and a specific blood-alcohol content; bias of the testing officer; and difficulty of proper administration of the test in the field. None of these factors undercuts the scientific foundation of the test: intoxicated persons exhibit nystagmus, and a properly administered HGN test will identify that nystagmus. All of the troubling factors would apply equally to the other field sobriety tests, such as the "one-leg stand" test and the "walk and turn" test administered in this case, that are routinely admitted into evidence in DUI prosecutions. [A]ll of these factors

can be shown through cross-examination or expert testimony, and therefore they go to the *weight* of the evidence, rather than its admissibility.

*McLaughlin,* at 706–07 (citations omitted).

[¶ 9] We noted in *McLaughlin* that the effects of alcohol upon nystagmus are not within the common knowledge of jurors. 512 N.W.2d at 707. However, an officer with specialized training in HGN "is able to draw inferences and deductions from his observations of the accused that might elude laypersons." *Id.* "The HGN test shows 'a symptom or clue of impairment' to the trained officer, and assists the officer in assessing the defendant's condition." *Id.* (quoting *Hamilton v. City Court,* 165 Ariz. 514, 799 P.2d 855, 858 (1990)).

 [¶ 10] We held in *McLaughlin* scientific foundation by expert testimony is not required to admit HGN test results:

[T]he only foundation required is a showing of the officer's training and experience in administering the test, and a showing that the test was in fact properly administered. With that foundation, the HGN test results are admissible only as circumstantial evidence of intoxication, and the officer may not attempt to *quantify* a specific BAC based upon the HGN test.

512 N.W.2d at 708 (citations omitted). In *Brewer v. Ziegler,* 2007 ND 207, ¶ 27, 743 N.W.2d 391, this Court clarified *McLaughlin's* holding by stating "the use of HGN test results as circumstantial evidence of intoxication, without requiring scientific foundation by expert testimony, is not dependent upon the officer conducting other field sobriety tests."

[¶ 11] The rationale used by the district court in denying the State's request to use Engelhorn's HGN test results without scientific foundation by expert testimony is similar to the rationale we rejected in *McLaughlin.* Accepting the district court's analysis would require us to reverse our holding in *McLaughlin.* We decline to do so. *McLaughlin,* clarified by *Brewer,* remains the law in this state. We conclude the district court misapplied the law and abused its discretion in denying the State's motion in limine requesting to use Engelhorn's HGN test results as evidence of impairment at trial.

III

[¶ 12] We reverse the district court's order.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM F. HODNY, S.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

[¶ 14] The Honorable WILLIAM F. HODNY, S.J., sitting in place of SANDSTROM, J., disqualified.