Tufte, Justice.
 

 [¶ 1] The State appeals from a district court order denying the State's pretrial motion to allow the introduction of evidence at a jury trial about Crystal Corona's refusal to submit to an onsite screening test for intoxication. We conclude the State's appeal is not authorized by N.D.C.C. § 29-28-07(5), and we dismiss the appeal.
 

 I
 

 [¶ 2] According to the State, a law enforcement officer stopped a vehicle driven by Corona on October 19, 2017, after she failed to dim her headlights. The officer thereafter detected the odor of alcohol emanating from Corona, and she refused to submit to an onsite screening test for intoxication and a subsequent Intoxilyzer test. The State charged her with driving under the influence for refusing a chemical test for intoxication.
 

 [¶ 3] The State made a pretrial motion to allow the introduction of evidence about Corona's refusal to submit to the onsite screening test, arguing a 2017 amendment to N.D.C.C. § 39-20-14(3) authorized the admission of evidence of the onsite refusal after she did not take any additional chemical tests requested by a law enforcement officer. The district court denied the State's motion, stating it would not allow any evidence to be presented at trial regarding
 
 *611
 
 the refusal of the preliminary breath test.
 

 II
 

 [¶ 4] The State appeals from the order denying its pretrial motion, arguing the district court erred in denying the pretrial motion to allow the admission of evidence at trial about Corona's refusal to submit to an onsite screening test under a 2017 amendment to N.D.C.C. § 39-20-14(3).
 

 [¶ 5] Corona argues the State's appeal from the denial of the pretrial motion is not authorized by N.D.C.C. § 29-28-07(5), which provides:
 

 An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the notice of appeal.
 

 Corona argues the State's motion and the court's order were not based upon the "exclusion by virtue of constitutional law" of illegally obtained evidence under N.D.R.Crim.P. 12(b)(3) and this Court's interpretation and application of N.D.C.C. § 29-28-07(5).
 
 See
 

 City of Fargo v. Cossette
 
 ,
 
 512 N.W.2d 459
 
 (N.D. 1994) ;
 
 State v. Miller
 
 ,
 
 512 N.W.2d 469
 
 (N.D. 1994) ;
 
 State v. Counts
 
 ,
 
 472 N.W.2d 756
 
 (N.D. 1991) ;
 
 State v. Miller
 
 ,
 
 391 N.W.2d 151
 
 (N.D. 1986).
 

 [¶ 6] The State responds that Corona's argument "harkens the Court back to its forgone standard for a state appeal by arguing dated case law from an era when the state's right to appeal was more constricted." The State claims this Court has announced less restrictive standards for a state appeal and now allows state appeals from the exclusion of evidence if the state can show the excluded evidence is critical for the state to prove material facts at trial-such as a horizontal gaze nystagmus test result in a driving under the influence prosecution in
 
 State v. Engelhorn
 
 ,
 
 2016 ND 167
 
 ,
 
 883 N.W.2d 852
 
 .
 

 [¶ 7] In
 
 Miller
 
 ,
 
 391 N.W.2d at 152, 155
 
 (footnote omitted), this Court extensively considered the meaning of N.D.C.C. § 29-28-07(5) in the context of dismissing an appeal from an order excluding evidence as a discovery sanction and said:
 

 Although it is possible to construe "suppressing" as a generic term meaning any form of exclusion of evidence (see Section 1-02-02, N.D.C.C.), the use of the term in context of the Rules of Criminal Procedure leads us to the conclusion that the words "[a]n order ... suppressing evidence" relate to a decision by a lower court granting a motion to suppress evidence pursuant to Rule 12, N.D.R.Crim.P....
 

 ....
 

 In light of a plain reading of our statute, a comparison of the statutes which served as a basis for our statute, the case law interpreting those statutes, and the subsequent amendment of those statutes prior to the adoption of our statute, we hold that appeals by the State pursuant to Section 29-28-07(5) are limited to appeals from the granting of a motion to suppress under Rule 12(b)(3), N.D.R.Crim.P., and from the granting of a motion to return evidence under Rule 41(e), N.D.R.Crim.P. Because the State attempts to appeal from an exclusion of evidence pursuant to a discovery sanction under Rule 16, N.D.R.Crim.P., the appeal is dismissed.
 

 [¶ 8] Contrary to the State's claims, we have found no cases explicitly relaxing, questioning, or overruling the rationale or
 
 *612
 
 result in
 
 Miller,
 

 391 N.W.2d at 152, 155
 
 . Rather, the State's argument about this Court's rejection of a "forgone standard" appears to be premised on the result in
 
 Engelhorn
 
 ,
 
 2016 ND 167
 
 , ¶ 11,
 
 883 N.W.2d 852
 
 , which involved the State's appeal from a district court's pretrial order refusing to allow the admission into evidence of the results of a horizontal gaze nystagmus test. Although this Court may raise an issue about appealability on its own motion, in
 
 Engelhorn
 
 there was no issue raised about appealability by the parties or by this Court, and the jurisdictional issue was not specifically addressed. In the absence of any caselaw expressly questioning or limiting our decisions stemming from
 
 Miller
 
 ,
 
 391 N.W.2d at 152, 155
 
 , we decline to hold that
 
 Engelhorn
 
 has implicitly overruled those cases. Our reaching a decision on the merits in that case is not persuasive support for a sweeping, silent change in our jurisprudence for appeals by the State in criminal cases.
 
 See
 

 Lewis v. Casey
 
 ,
 
 518 U.S. 343
 
 , 352 n.2,
 
 116 S.Ct. 2174
 
 ,
 
 135 L.Ed.2d 606
 
 (1996) (discussing standing and stating the United States Supreme Court has repeatedly held the existence of unaddressed jurisdictional defects has no precedential effect).
 

 [¶ 9] The State's appeal is not from an order granting Corona's motion to suppress under N.D.R.Crim.P. 12(b)(3), or from an order granting her motion for the return of evidence under N.D.R.Crim.P. 41(e). Our line of cases stemming from
 
 Miller
 
 ,
 
 391 N.W.2d at 152, 155
 
 , requires dismissal of the State's appeal.
 

 III
 

 [¶ 10] We dismiss the State's appeal.
 

 [¶ 11] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.