# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 31

Debra Wald,                                    Plaintiff and Appellant

v.

Benedictine Living Communities, Inc.,
d/b/a St. Rose Care Center,                    Defendant and Appellee

No. 20180048

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Sean T. Foss, Fargo, ND, for plaintiff and appellant.

Matthew D. Kirschenmann (argued) and Michelle M. Donarski (on brief), Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]    Debra Wald appeals from a judgment entered after the district court denied her motion for judgment as a matter of law or for a new trial on her claim that Benedictine Living Communities, Inc., doing business as St. Rose Care Center, terminated her employment in violation of the Family and Medical Leave Act (FMLA).  Wald argues she was entitled to judgment as a matter of law or to a new trial on her claim that St. Rose terminated her in violation of the FMLA.  We reverse the judgment and remand for a new trial on damages for Wald's FMLA termination claim.

I

[¶2]    On March 3, 2011, Wald sustained a work injury when she slipped and fell during the course of her employment as a cook and kitchen aid at St. Rose, a long-term care center in LaMoure.  Wald received medical treatment for her injury and Workforce Safety & Insurance ultimately awarded her partial temporary disability benefits from 2011 to 2015.  Prior to her injury, Wald worked more than thirty hours per week at St. Rose, and she earned $10.25 per hour plus benefits, including health insurance, paid sick leave, and paid time off.

[¶3]    At the time of her injury, Wald was an employee eligible for FMLA coverage and St. Rose was an employer covered by the FMLA, which authorizes employees to take up to twelve weeks of unpaid sick leave in specific situations, including when the employee has a serious health condition rendering the employee unable to perform essential job functions.  *See* 29 U.S.C. § 2601 *et seq.*  Under the FMLA, St. Rose was required to provide Wald with notice of her FMLA rights after her March 3, 2011 injury, and she was entitled to fifteen calendar days to obtain medical certification of a serious health condition to invoke her right to unpaid sick leave.  *See* 29 C.F.R. § 825.300 *et seq.*

[¶4]     On May 11, 2011, St. Rose notified Wald about her FMLA rights, and on May 20, 2011, St. Rose terminated her employment without providing her with an opportunity to effectuate those rights. According to Wald's treating physician, Dr. John Beauclair, she was released to return to regular work duties without restriction on July 13, 2011. Wald testified she would have been willing to go back to work with some accommodations to see what she could do. According to Wald, she attended some computer training courses through Workforce Safety & Insurance after her termination from St. Rose, but she stopped taking classes after she was denied further workers' compensation benefits. Wald testified she had not had a job after her employment was terminated by St. Rose because she decided to be a stay-at-home wife and mother.

[¶5]     Wald sued St. Rose, alleging interference with her FMLA rights, termination in violation of the FMLA, intentional infliction of emotional distress, negligent infliction of emotional distress, discrimination in violation of the Americans with Disabilities Act, and discrimination in violation of the North Dakota Human Rights Act. The discrimination claims were dismissed before trial. At trial, the district court granted Wald's motion for judgment as a matter of law on her FMLA interference claim and awarded her damages on that claim. Both parties moved for judgment as a matter of law on Wald's claim that St. Rose terminated her in violation of the FMLA. In her motion, Wald argued she was entitled to judgment as a matter of law on the issue of liability because she was terminated before effectuating her FMLA rights. Wald asserted that "the only issue that should be going to this jury on the FMLA claim is [her] damages for termination in violation of the FMLA." The district court denied both parties' motions for judgment as a matter of law on Wald's FMLA termination claim.

[¶6]     A jury thereafter returned a special verdict finding that Wald failed to prove St. Rose was liable for negligent or intentional infliction of emotional distress. The jury also found that St. Rose terminated Wald in violation of the FMLA and that she would have earned $118,610.76 in wages, salary, employment benefits and other

2

compensation in her employment with St. Rose from the date of her termination through the date of the verdict. The jury further found that Wald failed to mitigate her damages by not seeking out or taking advantage of employment opportunities reasonably available to her after her termination and that she would have earned $118,610.76 if she had sought out or taken advantage of reasonably available employment opportunities. The special verdict effectively awarded Wald no damages for her FMLA termination claim.

[¶7] Wald renewed her motion for judgment as a matter of law on her FMLA termination claim and, alternatively, moved for a new trial on damages. She argued St. Rose had the burden to show she failed to mitigate her damages and St. Rose failed to present any evidence of substantially equivalent employment opportunities reasonably available to her in the LaMoure area from the date of her termination to the date of trial to support the jury's finding that she could have earned $118,610.76 if she had sought out or taken advantage of those opportunities. St. Rose asked the court to summarily deny Wald's renewed motion for judgment as a matter of law to the extent she sought review of an issue about mitigation of damages that was not raised in her pre-verdict motion. St. Rose also argued Wald was not entitled to judgment as a matter of law or a new trial because she made no effort to seek any employment opportunities after her termination and the evidence therefore supported the jury's determination that Wald failed to mitigate her damages. St. Rose did not assert it provided any evidence of substantial equivalent jobs reasonably available to Wald; rather, St. Rose claimed the jury was entitled to rely on its common knowledge and experience to conclude there were jobs available to Wald in the LaMoure area.

[¶8] At a hearing on Wald's post-verdict motions, the district court recognized Wald's pre-verdict motion for judgment as a matter of law raised issues about liability and not damages. The court thereafter orally denied Wald's motion for judgment as a matter of law on her FMLA termination claim but granted her a new trial on that claim, explaining:

> The evidence that was submitted on mitigation is, and there was testimony by Ms. Wald, and I don't think anyone disputes that, said she

3

did not look for any other work, that she did do some work around the family farm. There was evidence submitted that she was on temporary partial disability. I remember you used that word in your argument . . . so I assume that was what the evidence had it been fully addressed would have shown. So we don't know what the temporary or the partial extent was. There was the picture that was introduced of Ms. Wald carrying a case of soda or something out of a grocery store. . . . Which was submitted to the jury. They could make a determination what she's capable of. I suppose they could make an inference based on that. So there would be sufficient evidence, I believe, to get to the jury on whether or not she reasonably mitigated. The issue that I see . . . is I cannot see how they could have made that specific of a finding on the . . . specific amount . . . the plaintiff could have earned if she had sought out or taken advantage of employment opportunities that were reasonably available to her after May 11, 2011? Answer: $118,610.76.

I simply do not believe the evidence was sufficient. There was no evidence presented to them. You could say there were jobs available, but without some evidence as to were they minimum wage, no benefits, was there minimum wage with benefits, what were the extent of the benefits, the jury could not draw that conclusion based on the evidence they had.

. . . .

I just don't see how I can avoid that . . . if I accepted that the jury could use their commonsense and experience to say there were jobs available in LaMoure County, and there was testimony that she didn't look for any, there's testimony from Dr. Beauclair that she could have went back to work in July of 2011, there was contravening, although general evidence, that she was on some partial disability from some period of time after July of 2011 that resulted in a WSI benefit so the jury could infer that she could have went to work possibly somewhere, but there was no evidence in front of them that would allow them to make any specific inference of what could have been garnered through alternative employment.

I'm going to find that the motion for judgment under Rule 50 by the plaintiff is denied. But the motion for new trial in the alternative motion must be granted under Rule 59 b(6).

[¶9] On reconsideration, the district court subsequently denied Wald's motion for a new trial:

Since the hearing, I have reviewed the transcript of the plaintiff's trial testimony, and reconsidered the parties' arguments on whether there was sufficient evidence for the jury to find that had the plaintiff made reasonable efforts to find other work, she could have earned as

4

much as the amount the jury found she would have earned at St. Rose Care Center. Upon reconsideration, I conclude there was sufficient evidence to support the jury's finding. Specifically:

- A. The evidence showed, and the plaintiff argued, that Ms. Wald was capable of returning to full employment as a cook at St. Rose as of mid-July 2011.
- B. The plaintiff testified that she did not try to secure alternative employment in the 5 1/2 years between the time she was able to return to full employment and the trial in December 2016.
- C. The jury is entitled to consider its common knowledge and experience of local conditions in rendering its verdict. In essence, the jury found that had she tried, Ms. Wald could have found alternative employment in the LaMoure-Edgeley area beginning in July 2011 that would have paid approximately $22,000 per year, *i.e.*, a total of at least $118,610.76 over a period of 5 1/2 years.

Therefore, upon reconsideration I conclude that judgment should enter for defendant Benedictine Living Communities on the plaintiff's claim for wrongful termination under the FMLA, in accordance with the jury's verdict.

[¶10] Wald was the prevailing party on her separate claim for interference with her FMLA rights, and she thereafter requested $69,218 in attorney fees under the fee-shifting provisions of the FMLA. The district court subsequently awarded her $9,800 in attorney fees.

II

[¶11] Wald argues the district court erred as a matter of law in denying her post-trial motion for judgment notwithstanding the verdict and abused its discretion in denying her motion for a new trial. She argues St. Rose provided no evidence identifying substantially equivalent jobs reasonably available to her in the LaMoure area and the wages and benefits for those jobs. She argues St. Rose's claims about a jury's general knowledge of the job market in the LaMoure area are not sufficient to satisfy St. Rose's burden to establish substantially equivalent job opportunities reasonably available to her in the LaMoure area, or the salary and benefits for those jobs. She

5

argues the court should have entered judgment as a matter of law for her actual damages in the amount of $118,610.76, or granted her a new trial.

[¶12] St. Rose responds Wald failed to mitigate her damages based on her testimony that she did not search for any jobs after her termination. St. Rose argues it was relieved of its obligation to present affirmative evidence of available job opportunities in the LaMoure area under a mitigation exception available when an employee makes no effort to search for any jobs. St. Rose alternatively asserts the jury's special verdict was based on reasonable inferences from the jury's common knowledge and experience that several entry level jobs existed in the LaMoure area.

[¶13] A district court's decision on a motion for judgment as a matter of law under N.D.R.Civ.P. 50 considers whether the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to one conclusion as to the verdict about which there can be no reasonable difference of opinion. *Minto Grain, LLC v. Tibert*, 2009 ND 213, ¶ 7, 776 N.W.2d 549. In considering a motion under N.D.R.Civ.P. 50, a district court must apply a rigorous standard with a view toward preserving a jury verdict, and we apply the same standard in our review on appeal. *Minto Grain*, at ¶ 7. In determining if the evidence is sufficient to create an issue of fact, a district court must view the evidence in the light most favorable to the non-moving party and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence which support the verdict. *Id.* A district court's decision on a motion for judgment as a matter of law is fully reviewable on appeal. *Id.*

[¶14] Under Fed.R.Civ.P. 50, a post-verdict motion for judgment as a matter of law is a renewal of the pre-verdict motion and can be granted only on grounds advanced in the pre-verdict motion. Fed.R.Civ.P. 50, Advisory Committee Notes; *Conseco Fin. Serving Corp. v. N. Am. Mortgage Co.*, 381 F.3d 811, 821-22 (8th Cir. 2004); *Zachar v. Lee*, 363 F.3d 70, 73-74 (1st Cir. 2004); *Am. & Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 159-60 (6th Cir. 1997); *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614, 617 (3rd Cir. 1989). *See* 9B Wright & Miller, *Federal Practice and Procedure: Civil*

§ 2537 (3rd 2008); 9 James Wm. Moore, *Moore's Federal Practice*, § 50.41 (3rd 2018). Rule 50, N.D.R.Civ.P., is derived from the corresponding federal rule. *See* N.D.R.Civ.P. 50, Explanatory Note. We have often said that the federal courts' interpretation of a corresponding federal rule may be persuasive authority when interpreting our rule. *E.g.*, *White v. T.P. Motel, L.L.C.*, 2015 ND 118, ¶ 20, 863 N.W.2d 915. We conclude the federal courts' interpretation is persuasive, and we apply that interpretation to N.D.R.Civ.P. 50.

[¶15] In employment termination cases, an employer generally bears the burden of showing an employee failed to mitigate damages by showing there were substantially equivalent jobs available in the geographic area and the employee did not use reasonable efforts in seeking employment. *See Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 557 (6th Cir. 2006); *Clarke v. Frank*, 960 F.2d 1146, 1152 (2d Cir. 1992); *Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir. 1983); *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 623-24 (6th Cir. 1983); *Selland v. Fargo Pub. Sch. Dist.*, 302 N.W.2d 391, 393 (N.D. 1981). The Sixth Circuit Court of Appeals explained that "basic principles of equity and fairness mandate that the burden of proof must remain on the employer because the employer's illegal discharge of the employee precipitated the search for another job." *N.L.R.B. v. Westin Hotel*, 758 F.2d 1126, 1130 (6th Cir. 1985). *See also Sheriff v. Jail Officers & Emps.*, 990 N.E.2d 1042, 1050-51 (Mass. 2013); *In re Davidson*, 2009 VT 45, ¶ 11, 978 A.2d 1. Similarly, in *Selland*, at 393, this Court sustained a factual finding that a terminated employee had not exercised reasonable diligence in obtaining post-termination employment, but we concluded that finding was of "no consequence" to an award of damages because the employer failed to establish there were comparable employment opportunities available in the locality.

[¶16] Other courts, however, have recognized a mitigation exception, which relieves an employer of its burden to show substantially equivalent positions in the area or the salaries for those jobs when an employee makes no effort to search for any jobs. *See West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003); *Quint v. A.E.*

7

*Staley Mfg. Co.* 172 F.3d 1,15-16 (1st Cir. 1999); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998); *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991).

[¶17]   Here, the parties did not object to the jury instructions and special verdict for Wald's FMLA termination claim and they have not raised any arguments on appeal about those instructions or the special verdict.  Those jury instructions authorized the jury to find for Wald if her absence from work because of a serious health condition was a motivating or determining factor in St. Rose's decision to terminate her employment and explained principles for awarding actual damages:

> If you find in favor of the Plaintiff [on the FMLA termination claim] AND that the Defendant failed to prove the affirmative defense [that the Plaintiff would have been unable to return to work within twelve weeks after May 11, 2011], then you must award damages to the Plaintiff for the amount of any wages, salary, employment benefits, and other compensation that you find the Plaintiff would have earned in her employment from the time of her discharge on May 20, 2011, through the date of your verdict, *minus* the amount of earnings and benefits from other employment received by the Plaintiff during that time.  You may also award any other actual monetary losses that you find the Plaintiff proved were incurred as a result of the FMLA violation.
>
> You are also instructed that the Plaintiff had a duty under the law to "mitigate" her damages—that is, to exercise reasonable diligence under the circumstances to minimize her damages.  Therefore, if you find it has been proved that the Plaintiff failed to seek out or take advantage of *an opportunity that was reasonably available to her*, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.
>
> Throughout your deliberations, please keep in mind that you must not engage in any speculation, guess, or conjecture, and you must not award damages under this Instruction as a means of punishing the Defendant or through sympathy.

(Emphasis added.)

[¶18]   In the special verdict, the jury found that Wald would have earned $118,610.76 in lost wages, salary, benefits and other compensation from St. Rose between the date of her termination and the verdict, that she failed to seek out or take advantage of employment opportunities that were reasonably available to her after the date of her

8

termination, and that she could have earned $118,610.76 if she had sought or taken advantage of employment opportunities that were reasonably available to her after her termination.

[¶19] The jury instructions and special verdict do not include language for a mitigation exception and track language for FMLA claims in the Eighth Circuit Manual of Model Civil Jury Instructions 14.70 (2018). *See also* Fifth Circuit Pattern Jury Instructions Civil 11.22 (2016) (no language for mitigation exception in current instructions)[1];Third Circuit Model Jury Instructions Civil 10.4.1 (2018) (including language explicitly stating the defendant has the burden of proof for mitigation and incorporating no language for mitigation exception). We also note that pattern jury instructions for FMLA claims in some circuits include language for a mitigation exception. *See* Eleventh Circuit Pattern Jury Instructions Civil 4.15 (2013). Here, the instructions authorized the jury to award Wald actual damages for wages and employment benefits she would have earned from the date of her termination through the date of the verdict, and said that if Wald failed to take advantage of jobs reasonably available to her, the jury must reduce her damages by the amount of damages she could have avoided if she had sought out or taken advantage of those opportunities.

[¶20] Under those instructions and the evidence that Wald had not had a job after her injury because she decided to be a stay-at-home wife and mother, there was some evidence, viewed in the light most favorable to St. Rose, that Wald failed to mitigate her damages. St. Rose does not dispute that it failed to provide any evidence about substantially equivalent jobs reasonably available to Wald in the LaMoure area and on appeal claims the mitigation exception relieved it of its burden to provide that evidence. The mitigation exception has not been adopted in the Eighth Circuit. *See* *Smith v. AS America, Inc.*, 227 F.Supp.3d 1039, 1043-44 (W.D. Mo. 2016) (stating

---

[1]An earlier version of the pattern instructions for the Fifth Circuit included language for a mitigation exception but that language has been deleted. *See* Fifth Circuit Pattern Jury Instructions Civil 11.22, n.5 (revisions through 2016).

"The Eighth Circuit is clear that '[t]he defendant bears the burden of showing that there were suitable positions and that the plaintiff failed to use reasonable care in seeking them.'") (citation omitted). Moreover, the mitigation exception has not been incorporated into the Eighth Circuit's model jury instructions and is contrary to this Court's decision in *Selland*.

[¶21] More importantly, however, the issue about mitigation of damages was not advanced as a ground for relief in Wald's pre-verdict motion for judgment as a matter of law. During a colloquy with counsel, the district court recognized Wald's post-verdict motion for judgment as a matter of law raised a different issue than her pre-verdict motion. A post-verdict motion for judgment as a matter of law is a renewal of the pre-verdict motion and can only be granted on grounds advanced in the pre-verdict motion. *E.g.*, *Conseco*, 381 F.3d at 821; *Zachar*, 363 F.3d at 73-74; *Bolt*, 106 F.3d at 159-60; *Kutner*, 868 F.2d at 617. We apply that rule in this case and conclude Wald was precluded from raising that issue in her post-verdict motion for judgment as a matter of law. On this record, we decline to hold that the district court should have entered judgment as a matter of law on Wald's FMLA termination claim for the amount of wages, salary, and benefits she would have earned in employment with St. Rose from her termination to the date of the verdict. We conclude the district court did not err in denying Wald's post-verdict motion for judgment as a matter of law on her FMLA termination claim.

[¶22] We therefore consider Wald's argument in the context of the district court's denial of her motion for a new trial. Motions for a new trial in civil cases are governed by N.D.R.Civ.P. 59. *Okken v. Okken*, 325 N.W.2d 264, 269 (N.D. 1982). We will not reverse a district court's denial of a new trial motion unless the court abused its discretion. *Id.* A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misapplies the law. *Johnson v. Buskohl Constr., Inc.*, 2015 ND 268, ¶ 12, 871 N.W.2d 459.

[¶23]   Although the jury instructions in this case did not explicitly allocate the burden of proof for the mitigation, our decision in *Selland* and Eighth Circuit authority require the employer to show an employee failed to mitigate damages by showing there were substantially equivalent jobs available in the geographic area and the employee did not use reasonable efforts in seeking employment.   In considering Wald's motion for a new trial, the district court ultimately concluded the jury could rely on its common knowledge and experience to find that there were jobs available in the LaMoure area that would have paid her a total of $118,610.76 over the relevant time period.   We reject the court's determination that the jury was entitled to rely on its common knowledge and experience to determine the amount Wald could have earned if she had sought out or taken advantage of substantially equivalent employment opportunities that were reasonably available to her after she was terminated.   A jury's verdict may not be based on speculation or conjecture.   *See Johnson v. Monsanto Co.*, 303 N.W.2d 86, 93 (N.D. 1981); *United Power Ass'n v. Heley*, 277 N.W.2d 262, 268 (N.D. 1979).

[¶24]   Here, there was evidence Wald was employed for more than the minimum wage with benefits including health insurance, paid sick leave, and paid time off. There was some evidence Wald failed to seek any job opportunities after her termination.  Under the instructions, there was evidence for the jury to conclude Wald failed to mitigate her damages.  However, the jury was not entitled to rely on common knowledge, experience, or conjecture to determine the amount Wald could have earned if she had sought out or taken advantage of employment opportunities after her termination. Under those circumstances, we conclude the district court misapplied the law in ultimately determining the jury could rely on its common knowledge and experience to conclude she could have earned $118,610.76 if she had sought substantially equivalent jobs reasonably available to her after her termination. Because we conclude the jury's determination of that amount was based on speculation and conjecture, we conclude the court misapplied the law in determining the jury could rely on its common knowledge and experience in denying Wald's

11

motion for a new trial. We reverse the district court's denial of Wald's motion for a new trial and remand for a new trial on damages.

## III

[¶25] Wald prevailed on her separate FMLA interference claim, and she argues the district court abused its discretion in awarding her only $9,800 in attorney fees under the fee-shifting provisions of the FMLA. Because we reverse and remand for a new trial on damages on Wald's FMLA termination claim, our review of attorney fees would be advisory and we do not address her argument about attorney fees.

## IV

[¶26] We have considered the parties' remaining arguments and determine they are without merit or unnecessary to our decision. We reverse the judgment denying Wald's motion for a new trial and remand for a new trial on damages for her FMLA termination claim.

[¶27] Lisa Fair McEvers
Jon J. Jensen
Zane Anderson, S.J.
John T. Paulson, S.J.
Gerald W. VandeWalle, C.J.

[¶28] The Honorable Zane Anderson, S.J., and the Honorable John T. Paulson, S.J., sitting in place of Crothers, J., and Tufte, J., disqualified.